No. 37,830

SAMUEL ERASTUS WALDORF, Executor of the Estate of Joseph W. Thompson, Deceased, et al., *Appellees*, v. SAMUEL ELVIN WALDORF and CLEORA B. JACOBS, *Appellants*.

(215 P. 2d 149)

Opinion filed February 28, 1950.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems, Robert G. Braden* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellants.

*William Tinker,* of Wichita, argued the cause, and *Patrick J. Warnick, Alan B. Phares,* and *Getto McDonald,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This appeal is from an order refusing to direct the clerk of the court to disburse money impounded in conformance with a judgment this court directed to be entered. The moving parties have appealed.

The facts require a reference to our opinion in *In re Estate of Thompson*, 164 Kan. 518, 190 P. 2d 879. At the outset, it should be stated that appellants here, Waldorf and Jacobs, are the son and daughter of the wife of Thompson, who predeceased him. They were her children by a former husband. The appellees are the executor of his estate and his heirs at law. We go now to a recital of the facts as they are set out in our former opinion.

Mrs. Thompson died April 2, 1946. On April 4 Thompson executed a deed to a residence property in Wichita to Samuel Elvin Waldorf and Cleora B. Jacobs, son and daughter of Mrs. Thompson by a former marraige, appellants here. In the deed he reserved a life interest in the property. For the sake of a better understanding it should be stated that the legal record title to this property has been in these two parties at all times ever since and still is in them.

On January 7, 1947, Thompson filed an action against these stepchildren to have the above conveyance set aside on the ground of fraud. On January 13, 1947, the parties entered into a written agreement in purported settlement of this action. As to this residence property, it was agreed it was to be sold and the proceeds divided equally between the stepchildren and Thompson. The agreement further provided that upon the fulfillment of the contract the case to set aside the deed, to which reference has been made, was to be dismissed. On February 8, 1947, without the contract having been carried out, Thompson died. Samuel Erastus Waldorf was appointed special administrator to conserve the assets of the estate. On February 26, 1947, he filed an action to compel specific performance of the contract of sale, which had been entered into to settle the action brought by Thompson to set aside. the deed to the stepchildren. On April 1, 1947, Thompson's will was admitted to probate and Samuel Erastus Waldorf was named executor and directed to conserve the assets of the estate and especially to carry to a final conclusion the action to enforce the contract to sell the residence property. On April 26, 1947, Samuel Erastus Waldorf, as executor, was substituted as plaintiff in the action over the objection of defendants. The trial of the action proceeded. It was stipulated that no sale of the residence property had been made and that the original suit to have the conveyance to the stepchildren set aside was still pending. The trial court gave judgment decreeing specific performance. On appeal to us, one of the grounds urged why the contract could not be enforced was that there were essential

elements upon which the parties had not agreed. This lack was any agreement as to the price at which the property was to be sold. After disposing of some jurisdictional questions we took up the above argument. In dealing with it we made reference to the opening statement of counsel for defendants, where he said "The property was listed with a real estate agent at an agreed price of Twelve Thousand Dollars." We held the above statement made the contract sufficiently clear as to be enforceable. We held the trial court was correct in overruling the defendant's demurrer to plaintiff's evidence. We held, however, that the judgment required modification. We pointed out the judgment provided it should have the effect as if defendants and each of them had executed proper deeds of conveyance for the property. We pointed out that under the circumstances such a judgment could not be made effective since no one could say who the grantee would be. Finally we said:

"It must be assumed that the defendants will coöperate in good faith, in the sale of the residence property. What action may properly be taken in case they fail to do so may well await the event. Further, the judgment should provide, in harmony with the agreement, as supplemented by the opening statement, that the residence property be sold, if a buyer can be found, at a price not less than $12,000. This is not to say that modification upon which the parties may agree, subject to approval of the court, may not be made."

We now take up a statement of what happened in the court below that brought on this appeal. On March 7, 1947, while the action was pending the court made an order directing the rent for the property be paid to the clerk of the court and held by that official pending the final outcome. On August 23, 1948, the parties stipulated that both parties had made extended efforts to sell the property and

"2. Notwithstanding their efforts, neither the plaintiff nor the defendants have been able to find a purchaser for the said property for any consideration as high as $12,000.00; and there does not appear to be any likelihood that the said property can be sold for the said sum."

On December 13, 1948, after a hearing this stipulation was approved by the trial court. On May 10, 1949, defendants filed an application for disbursement of funds in the hands of the clerk of the court. In it they recited that the rentals had been impounded; that all issues of law and fact litigated in the action had become moot and nothing else remained for the court to determine and the impounded rentals belonged to the defendants. The prayer was

that these rentals be ordered disbursed to the defendants. On May 12, 1949, at a hearing on this motion the trial court allowed the oral motion of the heirs at law to be joined as parties plaintiff in the action and denied defendants' motion to disburse.

Samuel Elvin Waldorf and Cleora B. Jacobs have appealed.

They argue here that the limited nature of the judgment ordered by us and the inability of the parties to comply with this judgment had the effect of rendering unenforceable the contract the action was brought to enforce. If they are correct, then since the title to the property has at all times been in defendants they are entitled to the rent.

The appellees concede the limited nature of the judgment and the inability of the parties to carry out its literal terms. They argue, however, that authorities dealing with partial inability of performance should control and the trial court should proceed to order the property sold for the highest and best price obtainable.

We find it is not necessary to decide the above questions. We now narrate some facts learned by us at the oral argument and from a supplemental brief filed by appellees. It will be remembered the will of Thompson was admitted to probate on April 1, 1947, and Samuel Erastus Waldorf was named executor and on April 26, 1947, he, as executor, was substituted as plaintiff. We learn now that while this action was pending the heirs at law of Thompson appealed from the order admitting the will to probate. On May 13, 1948, the district court set aside the order admitting the will to probate. This judgment was appealed to us but the appeal was dismissed and the judgment has now become final. When the order admitting the will to probate was set aside for lack of capacity the appointment of Samuel Erastus Waldorf fell with it. This had been the condition of the action for nearly a year when the application to disburse was filed. Hence at the hearing of this motion the executor, Samuel Erastus Waldorf, was without authority or right to take any steps whatever in the action. The parties seemed to sense this situation since on May 12, 1949, they made oral application to be permitted to be joined as parties plaintiff, which request was granted. In their supplemental brief they point out a provision of G. S. 1935, 60-410, as follows:

"All persons having an interest in the subject of this action, and in obtaining the relief demanded, may be joined as plaintiffs, . . ."

This is not an action for the recovery of real estate. It was originally brought to require defendants to sell to some party not then known. It was brought by a special administrator named by the probate court and in compliance with an order of the probate court. The statute provides for actions to collect the assets of an estate being carried on by the executor or administrator alone or as co-plaintiffs with the heirs at law. (See G. S. 1947 Supp. 59-1401.) It does not, however, provide for such an action being carried on by the heirs alone. It follows there is no party plaintiff in this action. The judgment refusing to probate the will was entered on May 13, 1948. More than a year has elapsed since that action was taken and no effort has been made to revive and thus bring a proper party into this action. It is too late now. (See G. S. 1935, 60-3215.) It follows that the action to compel the performance of the contract, the subject of the appeal in *In re Estate of Thompson,* supra, must fail.

Since the record title to the residence is in Samuel Elvin Waldorf and Cleora Jacobs, who made the application to have funds in the hands of the clerk of the court disbursed, the court should have allowed the application.

Appellees argue here that the order refusing to order the impounded money disbursed was not a final order and hence not appealable. On account of the view we have taken of the nature of the motion and the disposition we have made of it, we have concluded the order is appealable.

The judgment of the trial court is reversed with directions to enter judgment in accordance with the views expressed in this opinion.