No. 40,664

G. H. Newcom, Administrator of the Estate of John F. Potterf, Deceased, *Appellee*, v. Clarence E. Potterf, *Appellant*.

(318 P. 2d 1069)

Opinion filed December 7, 1957.

*Corwin C. Spencer,* of Oakley, argued the cause, and *J. H. Jenson,* also of Oakley, was with him on the briefs for the appellant.

*D. M. Ward,* of Peabody, and *Kenneth Clark,* of Hill City, argued the cause, and *Earl Artley,* of Russell Springs, and *W. H. Clark* and *Marion W. Chipman,* both of Hill City, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action filed in the district court by G. H. Newcom (plaintiff, appellee), administrator of the estate of John F. Potterf, deceased, against Clarence E. Potterf (defendant, appellant), a son of decedent, in whose name stood title to all of his father's real and personal property, to enforce a trust and to recover assets belonging to the estate for equal distribution among the seven children of deceased. Defendant appeals from an order of the trial court overruling his demurrer to the petition. The sole question presented here is whether the cause of action is barred by the statute of limitations. (G. S. 1949, 60-306.)

We will not attempt to set forth all the allegations of the voluminous petition, part of which alleges acts estopping defendant and his attorneys from asserting the statute of limitations, but will narrate only such part thereof as is necessary to determine the question of law involved in this appeal.

The petition alleged that for several years defendant lived with his father on the "home place," a farm in Logan county, where they farmed the property and raised cattle. In the spring of 1947, John

F. Potterf suffered a stroke and from that day on relied completely upon defendant to manage the farm. On August 14, 1948, John Potterf conveyed the farm and transferred all his personal property to defendant, who orally promised to divide the same equally among his sisters and brothers upon his father's death.

John F. Potterf died intestate on November 25, 1949, and on several occasions thereafter, particularly in February, 1950, Mabel M. Melton, sister of defendant, asked when settlement and distribution of the property would be made among the children of deceased. Defendant assured her that an honest and equal settlement would be made, but he did nothing. On November 16, 1950, Mrs. Melton had served upon defendant a written demand that he carry out his oral agreement and turn over to her and the other children their rightful shares of the estate. Upon petition, G. H. Newcom was appointed administrator of the estate on November 20, 1950. Thereafter, Mrs. Melton, Adeline Stamey and Marie Escudero, the three daughters of decedent, filed a timely petition in the probate court of Logan county, requesting that the administrator be authorized and directed to bring this suit in the district court of the county for the purpose of recovering from defendant assets belonging to the estate then in his possession.

Plaintiff's petition further alleged that various legal complications and proceedings arose thereafter. These are summarized as follows:

The honorable Nell Potterf, judge of the probate court, being a relative of the heirs of decedent, certified ( G. S. 1949, 59-2402) the petition requesting the administrator's authorization and direction to the district court of Logan county. By reason of the relationship of the judge of the district court to one of defendant's attorneys, he disqualified, and a judge pro tem was appointed to hear the matter. After the hearing and before the judge pro tem rendered a decision in the matter, he resigned. Subsequently, the petition was presented to the newly elected district judge of Logan county, and the case was heard. In his decision, the judge found that he had no original jurisdiction in the action, and certified ( G. S. 1949, 59-2402) the proceedings back to the probate court. Due to the relationship of the probate judge to the heirs of decedent, a judge pro tem had to be appointed, and a further delay ensued. On December 28, 1955, the case was presented to the probate judge pro tem. The judgment rendered by the court, as disclosed by its

journal entry filed August 23, 1956, found that there were facts indicating and intending to show assets of the estate of John F. Potterf in the hands of defendant which could be recovered by a suit filed in the district court of Logan county, and that the administrator should bring the action to recover the same. The court ordered plaintiff, G. H. Newcom, administrator of the estate of John F. Potterf, deceased, to institute a suit in the district court of Logan county for the recovery of the assets of the estate. In accordance with the order of the probate court, plaintiff commenced this action on October 8, 1956.

The question of whether the allegations of the petition tolled the statute of limitations confronts this court.

In this jurisdiction, the rule is that if a person is prevented by the pendency of legal proceedings from exercising his legal remedy, the running of the statute of limitations applicable to the remedy is postponed; or if the statute has commenced to run, it is suspended or tolled during the time the restraint incident to the proceedings continues. (*In re Estate of Brasfield*, 168 Kan. 376, 214 P. 2d 305, and cases therein cited; *Campbell v. Durant*, 110 Kan. 30, 35, 202 Pac. 841; 34 Am. Jur., Limitation of Actions, § 237; 54 C. J. S. Limitation of Actions § 247; 37 C. J. pp. 1039, 1040.)

It is disclosed by the record that the administrator was appointed within the time provided by law and that Mrs. Melton and her two sisters, thereafter and in due time, filed a petition with the probate court, asserting that the defendant had assets in his possession which belonged to the estate and requesting the probate court to make an order directing the administrator to recover such assets. This was sufficient notice both to the administrator and to the probate court of such facts. This case is unlike one where neither the administrator nor the probate judge had been advised of the existence in the third party's hands of property belonging to the estate. Mrs. Melton and her two sisters could do nothing further, as they had no right to maintain an action as heirs to recover property into the estate. (G. S. 1949, 59-1401; *In re Estate of Weaver*, 175 Kan. 284, 287; 262 P. 2d 818; *Waldorf v. Waldorf*, 168 Kan. 690, 215 P. 2d 149.)

When an administrator, who is entitled to the possession of real or personal property of the decedent, learns facts sufficient to show that certain real and personal property belonged to the decedent at the time of his death, title to which is in the name of another,

he is authorized under the provisions of G. S. 1949, 59-1401 to maintain an action in the district court for the possession of such property. In such a situation, it is appropriate for the administrator, before bringing the action, to advise the probate court of the situation and to procure from the court an order directing or authorizing him to bring the action, inasmuch as under the provisions of G. S. 1949, 59-301 the probate court has the authority to direct and control the official acts of the administrator. (*Lanning v. Goldsberry,* 171 Kan. 292, 232 P. 2d 611; *In re Estate of Slaven,* 177 Kan. 185, 188, 277 P. 2d 580.)

The probate court did not hear the evidence on the petition filed in behalf of Mrs. Melton and her two sisters, nor did it direct the administrator, over whose official acts it had control, to bring the action, but certified the matter to the district court under G. S. 1949, 59-2402. Its reason for doing so was obviously based on jurisdictional grounds. Because of the then prolonged litigation, the matter was held in abeyance and the administrator was not authorized or directed by the probate court to bring this action until after the trial was held in that court on December 28, 1955, as disclosed by the journal entry of judgment filed August 23, 1956.

It clearly appears from the record that the petition of Mrs. Melton and her two sisters requesting that the administrator be directed to bring an action against this defendant for the recovery of assets in his possession into the estate was filed in the probate court in ample time to secure an order from that court and for the administrator to file his action within the limitation period. Their failure to obtain such an order was not due to any lack of diligence on his part but to protracted litigation by persons interested in seeing that said action was not brought. No rights of innocent purchasers of the property in question have intervened. Under all the conditions and circumstances detailed in the petition, we are compelled to hold that the statute of limitations was tolled during the pendency of the litigation. The judgment of the trial court is affirmed.

It is so ordered.