No. 39,102

In the Matter of the Estate of Louisa Weaver, Deceased. Waldo O. Weaver and Glenn H. Weaver, Executors, *Appellants,* v. Alta Weaver, *Appellee* and *Cross-appellant.*

(262 P. 2d 818)

Opinion filed November 7, 1953.

*George L. Allred,* and *Roscoe W. Graves,* both of Emporia, argued the cause, and were on the briefs for the appellants.

*Samuel Mellinger,* of Emporia, argued the cause, and *Clarence V. Beck,* and *Earl B. Shurtz,* both of Emporia, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from certain orders of the district court, hereinafter discussed, quashing the service of process and dismissing a petition filed by the executors of an estate in the probate court to bring alleged assets into the estate, and other jurisdictional questions involved therein.

Louisa Weaver, a resident of Lyon county, died testate and her will was duly admitted to probate in that county: The deceased's sons Waldo O. and Glenn H. Weaver, who were the sole beneficiaries under the will, were appointed executors of her estate on January

17, 1949. On May 20, 1950, the executors filed in the probate court a petition against Alta Weaver (appellee), the estranged wife of Waldo Weaver, and daughter-in-law of the deceased. Their petition alleged four causes of action against Alta:

1. To recover various sums of money loaned, from time to time, by the deceased to her daughter-in-law, Alta Weaver.

2. In the alternative, to recover the same money set out in the first cause of action, alleging it was fraudulently obtained from the deceased.

3. To recover real estate therein described, being the property of the deceased, title to which is fraudulently held by Alta Weaver.

4. To recover other real estate, the property of the deceased, title to which is fraudulently held by Alta Weaver.

The petition prayed that a citation issue to Alta Weaver, commanding her forthwith to appear before the court to be examined on and touching the matters contained in the petition. A citation was issued by the probate court directing Alta Weaver to appear and answer the executors' petition. She appeared specially and filed a motion to quash the alleged and pretended citation and notice of hearing on the petition to obtain possession of the alleged assets of the estate, and the pretended service of such notice upon her, and to strike the petition from the files, all for the reason that the probate court was without jurisdiction of either her person or the subject matter of the proceedings. The motion was heard and overruled by the probate court. From that order, Alta Weaver appealed to the district court where the matter was heard on December 21, 1950. Her motion was overruled as to the first cause of action, and sustained as to the remaining three, after which the district court certified its decision to the probate court.

On April 28, 1952, pursuant to the order of the district court, the executors filed an amended petition in the probate court, comprising two causes of action for the recovery of items mentioned in the first cause of action of the original petition. In their first cause of action, the executors alleged that Louisa Weaver in her lifetime made a loan of $5,000 to Alta Weaver to enable Alta to purchase certain described real estate; that executors made demand upon Alta for the repayment of the loan and she refused to pay it. The second cause of action alleged that Louisa Weaver made a loan to Alta, for the purpose of purchasing a life estate in certain described real estate; that the executors made a demand upon Alta for repayment of said sum and that she refused to pay. The prayer to both causes of action asked the probate court to issue citation

directing Alta Weaver to appear and repay the loans alleged, as set forth in their amended petition. A citation and notice of hearing was issued, directed to Alta Weaver, commanding her to appear and repay the sums alleged to be owing to the estate. Alta Weaver again appeared specially and moved the court to quash the service and citation upon her, and to strike the amended petition, for the reason the probate court had no jurisdiction of her person or the subject matter of the proceedings. This motion was overruled by the probate court on June 7, 1952. From this order an appeal was taken to the district court on the jurisdictional question. At the time of filing the last mentioned appeal, Alta Weaver also filed a motion in the district court to vacate that part of the order of the district court entered November 29, 1950, overruling her motion to quash service of process, and strike the first cause of action set forth in the executors' original petition.

On August 20, 1952, the executors filed a motion to dismiss Alta's appeal from the order of the probate court overruling her motion to quash and to dismiss. The last three mentioned motions were duly presented to the district court, and on October 9, 1952, the trial court ordered that the executors' motion to dismiss Alta's appeal should be overruled, and that Alta's motion to vacate the judgment entered on November 29, 1950, should be overruled, and further ordered Alta's motion to set aside and quash the alleged and pretended notice of hearing and service of citation thereof, and to strike the executors' amended petition from the files, sustained.

The executors appeal from the order of the district court sustaining Alta Weaver's motion to quash notice and service of citation, and to strike the amended petition from the files, and in overruling their motion to dismiss Alta's appeal to the district court. Alta Weaver cross-appealed from that part of the order of the district court refusing to vacate the judgment of that court, entered November 29, 1950, overruling their motion to quash the service of process applicable to the first cause of action set forth in the original petition.

The executors first contend, in substance, that the probate court has exclusive original jurisdiction to hear and determine liability in an action brought by them against an alleged debtor of an estate, and to reduce the same to judgment in the process of collecting assets of the estate in order to make final settlement and distribution among the heirs.

In their brief, the executors cite cases containing certain state-

ments which, standing alone, would seem to support their contention. The broad language at times used in some of the cases which apply this principle may be somewhat misleading when isolated and read without regard to the facts of the case and questions then under consideration.

The rule may be stated that where a party seeks to get something out of an estate, the probate court has exclusive original jurisdiction, and in those cases wherein an executor or administrator seeks to bring property of some sort into the assets of the estate, or to otherwise realize something of benefit to the estate, it has been uniformly held that the action must be properly brought in the district court or other court of competent jurisdiction.

In the case of *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879, the issue of jurisdiction as between the probate court and district court in certain actions, was classified into two classes and thoroughly discussed. *First class*—those cases in which the plaintiffs sought to get something out of the estate. *Second class*—those cases wherein an administrator or executor sought to bring property of some sort into the assets of the estate, or otherwise to realize something of benefit to the estate. There we held that in cases of the first class the probate court had exclusive original jurisdiction. In the second class it was held, without exception, that the jurisdiction was in the district court or other court of competent jurisdiction. In the Thompson case, *supra,* our previous decisions were analyzed and placed in their respective classes, and need not be repeated here.

The executors cite *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010, for authority that the probate court has exclusive jurisdiction in the instant case. They misconstrue the force and effect of that decision. So far as the point here involved is concerned, all we held in that case was that the heirs at law of a deceased person could not, in their own right, maintain an action in the district court to enforce a trust relating to land; that in such a situation it was necessary to institute administration proceedings, have an administrator appointed and thereafter proceed to have the administrator or the administrator in conjunction with the heirs institute an action to bring the assets into the estate in the manner contemplated by G. S. 1949, 59-1401. That this is true is evidenced by what is said in 1 Bartlett "Kansas Probate Law and Practice" [Rev. Ed.], p. 90, § 94, where the Honorable Samuel E. Bartlett, the author of that work, and we

pause to note one of the framers of our probate code, after stating the facts of that case, in correctly construing the force and effect to be given the Wright case, said:

"The language 'must be initiated in the probate court' appears to mean that proceedings must be begun in the probate court for the appointment of an administrator of the intestate decedent's estate and thereupon, upon the appointment and qualification of an administrator, the administrator may, if necessary to protect the rights and interests of the estate, institute and maintain an action in the district court for the possession of the property."

The mentioned rules of law are fortified and stated, and the decisions of this court clearly analyzed and discussed by the same author in 1 Bartlett "Kansas Probate Law and Practice" [Rev. Ed.], pp. 85 to 91, §§ 93, 94. After recognizing the two classes of cases heretofore mentioned, the author at pages 88 and 89, § 93, states:

"In the cases of the first class, it is uniformly held that the probate court has exclusive original jurisdiction. In the second class it is likewise uniformly held that the action was properly brought in the district court or other court of competent jurisdiction. As to the first class of cases the rule applies to any sort of claim, whether absolute or contingent, whether denominated legal or equitable, which seeks to reach the assets of the estate and the determination of which is necessary before settlement and distribution. As to the second class of cases, the code provides that the executor or administrator shall have the right to the possession of all the property of the decedent, real and personal, with certain named exceptions, and may maintain an action for the possession of the real estate or to quiet title to the same. Prior to the enactment of the code, such actions were brought in the district court, and the code has not changed the forum for such actions. Such actions are actions to secure property constituting assets of the estate—to bring property into the estate. The code as construed requires that all demands upon the assets of the estate must be brought in the probate court while no such requirement is made as to actions by the executor or administrator of the estate to add to or enhance the assets of the estate."

In a further discussion of the same subject, at page 177, section 156, it is stated:

"Situations frequently arise in the administration of estates which call for action in the district court. One of these situations arises in an action by an executor or administrator to recover assets of the estate, especially when the property in controversy is *claimed by some third person.* This jurisdiction is a part of the common law jurisdiction of district courts. It is not necessary for an executor or administrator to procure an order of the probate court for permission so to do, before he institutes an action to collect assets or recover property for the estate. His capacity to sue is an attribute of his official character attaching by virtue of his appointment and inhering in the legal status thereby created. The reports abound in cases in which actions have been brought for the purpose of recovering specific property belonging to the estate,

judgments on promissory notes and *other evidence of indebtedness,* and the foreclosure of mortgages held by the decedent and passing at his death to the personal representative. The decision of such controversies is within the authority of the district court." (Emphasis supplied.)

It is clear that in the instant case the petition filed in the probate court by the executors to reduce an unliquidated claim to judgment, thereby realizing something of benefit to the estate, obviously falls within the second class of actions heretofore mentioned, the jurisdiction of which is within the district court. Therefore, the probate court had no jurisdiction over either the person of Alta Weaver or the subject matter of the action, and the trial court committed no error in sustaining Alta's motion to quash the alleged and pretended process upon her or in sustaining her motion to strike the executors' amended petition from the files.

The executors next contend that an appeal may not be taken from an order of the probate court entered on a preliminary motion prior to final determination of the issues in controversy. We have stated on many occasions that the question of jurisdiction may be raised at any time. (*Russell v. State Highway Comm.,* 146 Kan. 634, 73 P. 2d 29; *National Bank of Topeka v. Mitchell,* 154 Kan. 276, 279, 118 P. 2d 519; *In re Estate of Pallister,* 159 Kan. 7, 9, 152 P. 2d 61; *In re Estate of Dix,* 161 Kan. 364, 367, 168 P. 2d 537.)

G. S. 1949, 59-2402, provides:

"In any proceeding pending in the probate court when it appears that a decision upon any question of which the probate court does not have jurisdiction is necessary to a full determination of the proceeding, such question *shall* be certified by the probate court to the district court, having appellate jurisdiction thereof, which court shall proceed to hear and determine the same as though an action *involving that question* had been filed originally therein. The decision of the district court, when final, *shall* be certified to the probate court in like manner as a decision upon appeal." (Emphasis supplied.)

In the instant case, the motion to quash the service of process and to strike the amended petition from the files was sufficient to raise the jurisdictional question in the probate court under the mentioned statute, thereby making it mandatory upon that court to certify the question to the district court to be heard and determined as though the action involving that question had been originally filed therein. (See 1 Bartlett "Kansas Probate Law and Practice" [Rev. Ed.], p. 149, § 144.) The failure of the probate court to perform this mandatory function could not deny the right of Alta Weaver

to be heard on that question, and we will consider her appeal to that court as a substitute for the certification by the probate court, and it cannot be said that the district court did not have the case before it for the purpose of determining jurisdictional questions.

In view of our holding, on the appeal in this case, it is not necessary to discuss the question raised by the cross-appeal.

The judgment of the trial court is affirmed.