No. 39,511

In the Matter of the Estate of Emily C. Slaven, Deceased. IDA O. VINT, et al., *Appellees,* v. THOMAS H. CONROY, Administrator, *Appellant.*

(277 P. 2d 580)

Opinion filed December 11, 1954.

*Tweed W. Ross,* of Beloit, argued the cause and *Thomas H. Conroy,* of Beloit, was with him on the briefs for the appellant.

*R. L. Hamilton* and *Orin C. Jordan,* both of Beloit, argued the cause and *L. A. Willet,* of Beloit, was with them on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: In this proceeding an administrator included seven tracts of real estate in his inventory of the decedent's estate. Grantees in deeds, to whom the various tracts had been conveyed, filed motions in the probate court asking that these various tracts be stricken from the inventory; the probate court certified such motions to the district court; that court ordered the various tracts stricken. The administrator has appealed.

The trouble arose when Emily C. Slaven died intestate on September 4, 1952. She left surviving seven children and children of two children who had predeceased her. Amongst other items during her lifetime she owned nine tracts of eighty acres each. During her lifetime she had executed deeds conveying these tracts, one to each living child, and one to each group of grandchildren. These were found after her death in the bank box of the grantee in one of the deeds.

Six of them were placed on record with the register of deeds on September 9, 1952, five days after her death. There was some litigation over the appointment of an administrator and the present one was not appointed until May 7, 1953. Thus it will be noted when the present administrator qualified, the record title to the tracts of land, with which we are concerned, was in the various grantees in the deeds mentioned. The administrator deemed it his duty to put these various tracts on his inventory of the estate filed on July 23, 1953.

The grantees in the various deeds filed petitions to strike these various tracts from the inventory. In these petitions they alleged that they were heirs at law of the decedent and each was the owner of the tract of real estate described in the deed, in which petitioner was the grantee. The petition alleged that petitioners since September 9, 1952, had been the owners of the real estate in question and had paid taxes on it.

The prayer of the petition was that the court strike the lands from the inventory and make a finding that the land in question was no part of the assets of the decedent's estate.

After some argument in the probate court the administrator filed a petition to transfer the matter to the district court pursuant to G. S. 1953 Supp. 59-2402a. The grantees in the deeds filed a petition to certify the matter to the district court under G. S. 1949, 59-2402. The distinction between the proceedings for which the two above statutes provide is that G. S. 1953 Supp. 59-2402a provides for certain matters being transferred to the district court upon the request of any interested party upon notice to the opposite party. G. S. 1949, 59-2402 provides for the certification where it appears that a decision upon any question of which the probate court does not have jurisdiction is necessary to a full determination. One section says "transfer." The other says "certify."

The grantees took the position that the matter was one of which the probate court did not have jurisdiction and the administrator took the position that it was a matter of which the probate court had jurisdiction but which would have to be settled by the district court at some time in any event.

The probate court made an order in which it recited that the jurisdiction of the probate court had been challenged; that it was without jurisdiction to hear the matter necessary to a full determination of the proceeding and it should be certified to the district court. It was so certified.

The administrator filed what he termed a demurrer to this certification on the ground that the district court did not have jurisdiction of it because the motions to strike constituted a claim against the assets of the estate, within the jurisdiction of the probate court to determine, which claims were transferrable to the district court upon the request of any interested party under G. S. 1953 Supp. 59-2402a, subsection 3; or constituted a dispute as to

the title and ownership of the inventoried real estate, which dispute was properly within the exclusive original jurisdiction of the probate court.

At a pre-trial conference the district court advised the parties at the conference it had original jurisdiction and that the matter would be tried as though the administrator were proceeding to recover property for the estate.

The court directed the parties to plead as to the issues and the administrator to plead as if he were starting an original action in the district court to recover the property.

Counsel for the administrator filed a pleading referred to as a stipulation signed by all the parties.

The court in its journal entry recited the facts about as they have been given here and having read the stipulation of facts relative to the presumptions of law it found first that it was a case where the administrator was seeking to bring property into the estate and fell in the second class of cases, as outlined in *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879; that the motions to strike should be sustained on the ground that the children were the owners of the real estate prior to the appointment of the administrator and such lands constituted no part of the estate—hence this appeal.

The notice of appeal was from the order and judgment wherein the district court held that the matter was properly in the district court and that the district court had original jurisdiction of it and from the judgment whereby it was decided and adjudged that the real estate set out in the inventory constituted no part of the estate of the decedent.

The assignments of error were that the probate court erred in overruling the administrator's objection to certification to the district court and in certifying to the district court; that the district court erred in overruling the administrator's demurrer, in taking original and exclusive jurisdiction, in ordering the administrator to file pleadings and in ordering the real estate be stricken from the inventory filed in probate court.

When the administrator qualified he found deeds to the tracts in question held by the grantees named. These deeds were recorded shortly after the grantor's death. That, however, added nothing to their validity and effectiveness. If this land was to become part of the decedent's estate they must be set aside. He should have applied to the probate court for permission to file such actions. (See

*Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173; also *Lanning v. Goldsberry,* 171 Kan. 292, 232 P. 2d 611.)

The administrator argues here he was obliged to put on the inventory whatever real estate the decedent owned at the time of her death. To support this position he relies on G. S. 1949, 59-1401. He argues then that once he had done that the motions of the grantees to strike the real estate in question from the inventory were a claim against the estate of which the probate court had exclusive, original jurisdiction under G. S. 1949, 59-2237.

In *Lanning v. Goldsberry,* supra, we were dealing with an action brought in the district court to set aside a decedent's deed made while he was living. We considered this very question and held:

"When an administrator, entitled to the possession of the real property of the decedent, learns facts tending to show that certain real property belonged to the decedent at the time of his death, the title of which is in the name of another, he is authorized by G. S. 1949, 59-1401, to maintain an action in the district court for the possession of the real property, or to quiet title to the same."

In the opinion we remarked that G. S. 1949, 59-1401, was authority for the action being brought in the district court.

There was a dispute in the probate court as to whether certifying the matter to the district court, pursuant to G. S. 1949, 59-2402, was the proper course, or on the other hand the matter should have been transferred by the probate court to the district court, pursuant to G. S. 1953 Supp. 59-2402a. The probate court and the district court took the position that the matter was one over which the probate court had no jurisdiction and certified it to the district court. Both sides apparently desired the matter to be in the district court. It was not such a matter as could be transferred pursuant to G. S. 1953 Supp. 59-2402a.

It was, as has been already stated herein, a matter over which the probate court did not have jurisdiction and was properly certified by that court to the district court, pursuant to G. S. 1949, 59-2402. In *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818, we held:

"In any proceeding pending in the probate court when the jurisdiction of that court is challenged, it is the duty of the probate court to certify the question to the district court for decision. (G. S. 1949, 59-2402.)"

See, also, *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879.

The trial judge in a colloquy, to which reference has already been

made in this opinion, directed the administrator to plead as if he was starting an original action in the district court to recover the property. For some reason the administrator did not see fit to file such pleadings. He filed the stipulation, to which reference has already been made. The trial court then sustained the petitions to strike. In this the trial court was in error. It should have insisted that proper pleadings be filed and should then have tried the action. The trial court was correct, however, in holding that the district court had original jurisdiction.

The judgment is modified and the action is remanded to the district court to cause the issues to be framed as an action to recover the property by the administrator and to proceed to try it.

THIELE and WEDELL, JJ., concur in the results.