No. 40,358

CECIL COFFEY, Special Administrator of the Estate of Maggie Birdzell, deceased, *Appellant,* v. HAZEL SHROPE, *Appellee.*

(306 P. 2d 164)

Opinion filed January 12, 1957.

George W. Stanley, of Arkansas City, argued the cause, and *Frank G. Theis,* of Arkansas City, was with him on the briefs for the appellant.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright* and *Ted M. Templar,* both of Arkansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order sustaining a demurrer to a petition wherein all parties concede the sole question presented

in the court below, and on appellate review, is whether jurisdiction to hear and determine the cause is in district court or probate court.

Maggie Birdzell died testate on July 24, 1952, a resident of Cowley County, and on June 24, 1953, Hazel Shrope, her daughter, was appointed by the probate court of such county as executrix under the will of such decedent. After her appointment as executrix Hazel filed an inventory listing a bank deposit of $575 as the only asset of the estate of the deceased.

Sometime later Cecil Coffey was appointed by the probate court as special administrator of the estate of the decedent and commenced this action against Hazel Shrope, as an individual, in the district court of Cowley County to bring property, both real and personal then in her possession and control, into the assets of the estate of Maggie Birdzell.

There is no call for a detailed recital of the contents of the petition filed by the plaintiff. All that is required to insure a proper understanding of the appellate issue involved is to say that, in addition to what has been heretofore stated as well as a full and complete recital of the facts relied on for recovery, the petition alleges:

". . . that he (Cecil Coffey) was appointed special administrator of said estate for the purpose of filing a proper suit in the District Court of Cowley County, Kansas, to set aside a certain deed (dated September 14, 1948, recorded September 22, 1948, and conveying the real estate therein described to Hazel Shrope, subject to a reserved life estate in the testator), recorded in the office of the Register of Deeds of Cowley County, Kansas, in Book 196, page 35, and also for the purpose of recovering not only the real estate described in said deed, but also to recover certain United States savings bonds, cash on hand in checking account, and proceeds of the sale of wheat, as assets to be brought into the estate of Maggie Birdzell, deceased."

And prays:

". . . that the said deed of Maggie Birdzell to the defendant, Hazel Shrope, be declared void, set aside and held for naught; that the said defendant, Hazel Shrope, be ordered to produce said deed and deliver the same to be cancelled; that the said real estate described in said deed be made a part of the inventory of the assets of the estate of Maggie Birdzell, deceased; that the said defendant, Hazel Shrope be compelled to bring into the assets of the estate of Maggie Birdzell, deceased, the United States Savings bonds and cash on hand in the bank which Maggie Birdzell owned at or about the time she moved to the home of the defendant on the 14th day of September, 1948; that the defendant, Hazel Shrope be compelled to account to the estate ·of Maggie Birdzell, deceased, for the rents and profits from the real estate owned by the said Baggie Birdzell from on or about the 14th day of September, 1948, to the

date of her death and for the proceeds or value thereof; that plaintiff have judgment for the costs of this action; and for such other and further relief as to the Court may seem just and equitable."

With the petition in form as herein related defendant, Hazel Shrope, demurred thereto on grounds which, as previously indicated, challenged the jurisdiction of the district court to hear and determine the cause. Following its presentation and consideration on such basis this demurrer was sustained. Thereupon plaintiff perfected the instant appeal.

Anaylsis of the petition discloses this is purely an action to bring property into the involved estate. In such an action, and we may add nothwithstanding contentions of appellee to the contrary, we think there can no longer be any question that under our decisions jurisdiction in such an action rests in the district court, not in the probate court.

See *In re Estate of Weaver*, 175 Kan. 284, 262 P. 2d 818, where we held:

"Where an executor or administrator of an estate seeks to bring property of some sort into the estate, or otherwise realize something of benefit to the estate, the jurisdiction of such action is not in the probate court but in the district court or another court of competent jurisdiction." (Syl.)

And in the opinion said:

"The rule may be stated that where a party seeks to get something out of an estate, the probate court has exclusive original jurisdiction, and in those cases wherein an executor or administrator seeks to bring property of some sort into the assets of the estate, or to otherwise realize something of benefit to the estate, it has been uniformly held that the action must be properly brought in the district court or other court of competent jurisdiction."

. . . . . . . .

"It is clear that in the instant case the petition filed in the probate court by the executors to reduce an unliquidated claim to judgment, thereby realizing something of benefit to the estate, obviously falls within the second class of actions heretofore mentioned, the jurisdiction of which is within the district court. Therefore, the probate court had no jurisdiction over either the person of Alta Weaver or the subject matter of the action, and the trial court committed no error in sustaining Alta's motion to quash the alleged and pretended process upon her or in sustaining her motion to strike the executors' amended petition from the files." (pp. 287, 289.)

In an attempt to forestall the conclusion just announced appellee directs our attention to the fact this is an action where only heirs of an estate are involved, not strangers, and strenuously contends that for that reason the rule announced and adhered to in the decision last above cited has no application. Boiled down this conten-

tion of appellee is that even though an executor or administrator may go out and bring property into an estate as against strangers, through the medium of an action in district court or another court of competent jurisdiction, he has no right to take that action against heirs at law who, after the death of a decedent, hold property, either real or personal, adversely to the interest of the estate of a decedent. We see no room for any such differentiation and would so hold even though this were the first case in which any such claim had been raised in this court. However that will not be necessary. The trouble from appellee's standpoint is the question has already been determined by this court contrary to her position.

See *In re Estate of Slaven*, 177 Kan. 185, 277 P. 2d 580, where a situation similar to the one in the case at bar was involved. There we held:

"When an administrator of an estate qualified, he found deeds executed by the decedent in her lifetime in the hands of grantees (heirs of an intestate) named therein and the grantees in possession of the real estate; he proceeded to place such real estate on the inventory; the grantees named in the deed filed motions to strike it therefrom—*Held,* the action was to adjudicate the title to real estate and had for its purpose bringing property into the estate.

"In an action such as that described in the foregoing paragraph of this syllabus, the action was one of which the probate court did not have jurisdiction." (Syl. ¶¶ 1 & 2.)

Based on the foregoing decisions, to which we adhere, we have no difficulty in concluding that under the facts, conditions and circumstances of record the trial court erred in holding the probate court, not the district court, had jurisdiction of the subject matter of this action. The result is it erred in sustaining the demurrer to the petition on that basis and its judgment must be reversed with directions to set aside that ruling and overrule the demurrer.

It is so ordered.

HALL, J., not participating.