No. 40,367

In the Matter of the Estate of Jennie E. Ray, Deceased. (ETHEL MAY PARKER, *Appellant,* v. ROY RAY, NETTIE RAY BAILEY and ROBERT PENNINGTON, Administrator, *Appellees.*)

(306 P. 2d 190)

Opinion filed January 12, 1957.

*George W. Donaldson,* of Chanute, argued the cause and was on the briefs for appellant.

*Charles E. Henshall,* of Chanute, argued the cause, and *Robert Pennington,* Administrator, *pro se,* also of Chanute was with him on the briefs for appellees Roy Ray and Nettie Ray Bailey.

The opinion of the court was delivered by

FATZER, J.: This was an action initiated on April 5, 1955, by the filing of a verified petition for allowance of demand in the probate court of Neosho County, Kansas, in the estate of Jennie E. Ray, deceased, wherein the claimant alleged in substance: That the decedent was a resident of Chanute and the owner of the property

in question—her home in which she had lived for several years; that the claimant, Ethel May Parker, was an heir at law of the decedent (although the record does not disclose the relationship); that in the early part of 1949 claimant and the decedent entered into an oral contract whereby the decedent agreed that if the claimant and her family would move into the premises and home belonging to the decedent and make their home with her, the decedent would leave the property to claimant at her death and that it would become the claimant's sole property; that in April, 1949, claimant moved herself, her family and their household goods into decedent's home and lived with her until she died intestate in April, 1954; that on October 26, 1949, the appellees, Roy Ray and Nettie Ray Bailey, a son and daughter of the decedent, obtained the decedent's signature on a warranty deed which conveyed the property in question to them in fee simple, reserving unto the decedent a life estate; that said warranty deed was void because it was made without consideration, was obtained by appellees by undue influence practiced by them upon the decedent and was executed at a time when the decedent was incapacitated from transacting business because of illness. The prayer was that her claim be allowed; that the administrator be directed to take whatever action may be necessary to bring the real estate into the administration of the estate as an asset and that it be awarded to her pursuant to the terms of the oral contract.

The probate court denied claimant's demand and she appealed to the district court.

Pursuant to an order of the district court claimant amended her petition for allowance of demand by attaching a copy of the warranty deed heretofore referred to, which disclosed that it was filed of record in Neosho County October 27, 1949, and that its consideration was $1 and other valuable considerations, it being expressly stated in the deed that the actual consideration was less than $100. In her petition for administration of the estate, claimant alleged the property was of the value of $3,000.

Verified written defenses were filed by the appellees and the administrator in which they alleged that the claimant's demand was barred by G. S. 1949, 60-306 *Third* prior to its exhibition in the probate court; that for reasons not here necessary to recite, claimant was estopped to deny the appellees' title and right of possession to said property; and, further, that claimant was guilty of laches

in the presentation of her claim against Jennie E. Ray in that she failed to institute proper action against the decedent and the appellees within the lifetime of the decedent and within seasonable time after the execution and delivery of the warranty deed. Thereafter, the appellees, with the administrator joining, filed a motion for judgment upon the pleadings upon the sole ground that the petition for allowance of demand affirmatively showed it was barred by G. S. 1949, 60-306 *Third* prior to the death of Jennie E. Ray and was, therefore, incapable of enforcement against the decedent's estate. The district court sustained the motion and the claimant has appealed.

We think the district court erred in sustaining the motion for judgment on the pleadings since it is clear its reason for doing so was that it concluded claimant's demand was barred by G. S. 1949, 60-306 *Third*. Obviously, the demand was filed within the period prescribed by our nonclaim statute (G. S. 1949, 59-2239). The claimant filed a demand against the decedent's estate and she has a right to offer evidence in support of her efforts to prove the oral contract alleged to have been entered into. The basis of claimant's demand is the oral contract, and if she cannot establish that, she had no right to recover. While the demand was in effect one to recover specific property—the home of the decedent—that property is presently beyond her reach even though she succeeds in establishing the oral contract. In such event, the rule of this jurisdiction is that where a claimant has performed services under an oral contract during the lifetime of a decedent in consideration of which the decedent promised to leave specific property at her death to the claimant as compensation for such services, but prior to death, the decedent conveys the property to another, thus rendering herself incapable of performing her part of the contract, the claimant is nevertheless entitled to recover on *quantum meruit* the reasonable value of the services rendered and the statute of limitations would not ordinarily begin to run against the claimant's demand for her continuing services until the contract has been fully performed. (*Heery v. Reed,* 80 Kan. 380, 102 Pac. 846; *Schaffner v. Schaffner,* 98 Kan. 167, 157 Pac. 402.)

G. S. 1949, 55-2201 provides in effect that every application in a probate proceeding, unless made during a hearing or trial, should be by petition and no defect in form shall impair substantial rights. Claimant was, therefore, entitled to a liberal construction of the allegations in her demand and while she seeks the enforcement of

an oral contract to recover specific property presently beyond her reach, and which would require a separate proceeding by the administrator under direction of the probate court to bring such property within the administration of the estate as an asset ( G. S. 1949, 59-1401; *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818; *In re Estate of Slaven,* 177 Kan. 185, 277 P. 2d 580), she is entitled to recover the reasonable value of her services rendered the decedent pursuant to the oral contract if recovery of the property cannot be had. The record is silent as to whether there are other assets in the estate with which to pay claimant's demand in the event she is successful in establishing it, but, whether such assets exist to pay the claim in the event it is allowed, is another question.

It is apparent that the district court confused the issue involved with respect to claimant's right to establish the oral contract with those which might be involved in a separate proceeding by the administrator to bring the property in question into the administration of the estate as an asset. We do not pass upon the right of the administrator to set aside the deed to the appellees since that would be premature and beyond the issue presently existing. Whether the probate court would direct the administrator to seek recovery of the property in question as an asset of the estate, in the event claimant succeeds in establishing her claim and proving the value of her services, is a question not before us. However, we note in passing that G. S. 1949, 60-306 *Third* might be applicable in such a proceeding if alleged as an affirmative defense by the appellees in an action brought by the administrator for that purpose.

As indicated, we do not pass upon the right of the probate court to require the administrator to institute a proceeding having for its purpose the recovery of the property in question as an asset of the estate, nor of defenses which might be available to the appellees in the event an action of that character would be instituted, however, we think that claimant is entitled to the right to attempt to establish the oral contract and if it is established, to offer evidence of the value of her services rendered the decedent thereunder.

The appellees filed a motion to dismiss this appeal due to failure of claimant to comply with Rule 8 of this court. This motion was denied with the right to renew it when the appeal was heard on its merits. That was done. In our review of the record it is clear that within two days following the filing of the motion to dismiss the appeal, the claimant served upon the appellees her typewritten

copy of her abstract. It is true claimant did not obtain an extension of time from this court as she should have, nor do we approve of a violation of our rules by litigants, however, we cannot see that appellees' cause was prejudiced and we are not disposed to deprive litigants of their right to be heard on appeal. (*Schulte v. Westborough, Inc.*, 163 Kan. 111, 116, 180 P. 2d 278; *French v. French*, 171 Kan. 76, 83, 229 P. 2d 1014; *Holmes v. Kalbach*, 173 Kan. 736, 740, 252 P. 2d 603.)

In view of the foregoing the judgment of the district court is reversed with directions to overrule the motion for judgment on the pleadings, and to permit the claimant to proceed in her efforts to establish her demand in accordance with the views expressed herein.

It is so ordered.

HALL, J., not participating.