No. 41,881

In the Matter of the Estate of Jacob Manweiler, Deceased. (MRS. JACOB MANWEILER, *Appellant,* v. AUGUST MANWEILER, Executor, *Appellee.*)

(342 P. 2d 730)

Robert J. Hill, of Wichita, argued the cause, and Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson, and Hugo T. Wedell, of Counsel, all of Wichita, and H. Lee Turner, of Great Bend, were with him on the briefs for the appellant.

Melvin O. Nuss, of Great Bend, argued the cause, and Vernon L. Nuss, of Great Bend, and Robert Garvin, Evart Garvin, and Morris Garvin, all of St. John, were with him on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of the district court striking from the files an amended petition for the allowance of a demand against the estate of a deceased testator.

Jacob Manweiler died June 23, 1956, leaving a last will and testament which was admitted to probate on October 23, 1956. August Manweiler, one of several children by, the testator's first marriage, was named and appointed executor under the terms of the will. Notice of such appointment and notice to creditors was first published on November 8, 1956.

On October 23, 1956, Mrs. Jacob (Hazel) Manweiler, who married Jacob on April 3, 1946, and lived with him as his wife until the date of his death, filed her petition in the probate court for the allowance of her demand against the estate of her deceased husband. This claim was based on an oral contract, alleged to have been entered into between Hazel and Jacob on the day they were married and thereafter immediately reduced to writing.

Subsequently, and pursuant to what is now G. S. 1957 Supp., 59-2402a, Hazel filed a motion in probate court requesting that her petition be transferred to the district court. After notice and a hearing on this motion, at which Hazel, the executor and all other children of the testator's first marriage were personally present or represented by counsel, the probate court granted such motion on February 26, 1957, by an order stating that the petition for the allowance of the demand against the estate and shares thereof was transferred to the district court for hearing and determination.

The proceedings in district court are important and should be detailed.

On December 13, 1957, the petition came on for hearing in district court. Thereupon the executor orally demurred to that pleading

on the ground it failed to state facts sufficient to constitute a claim or cause of action against the estate of the decedent. This demurrer was sustained. Later, and during the same term of court, Hazel moved to amend the ruling sustaining the demurrer. Action on this motion is reflected in a journal entry reciting that the prior decree was amended by adding thereto an order of the court that the petitioner was granted leave to file an amended petition for allowance of demand within fourteen days.

Thereafter, on February 21, 1958, and within the time required, Hazel filed an amended petition wherein, after again alleging the existence of the contract and failure of the decedent to comply with its terms, she separated the intermingled relief sought by her in her original petition into two parts, one identified as Part II, dealing with direct demands against the estate under contract, and the other, identified as Part III, with recovery of assets by the estate, alleged to have been obtained by the children of the first marriage from their father, through fraudulent misrepresentations and without consideration, in violation of the terms of such contract.

On June 5, 1958, Hazel filed a motion asking that Part III of her amended petition relating to the recovery of assets by the estate be remanded to the probate court for hearing and disposition, for the reason that portion of the petition should not have been transferred to the district court under the provisions of 59-2402a, *supra.*

On June 18, 1958, the executor demurred to the amended petition for allowance of demand and other relief filed by Hazel, based on grounds (1) that it failed to state facts sufficient to constitute a cause of action; (2) that the district court had no jurisdiction of the subject of the action; and (3) that several causes of action were improperly joined.

On August 30, 1958, after hearing arguments by the parties, the court overruled the demurrer to the amended petition. Thereafter, and on September 3, 1958, after a hearing on the motion to remand, the trial court found that such amended petition, insofar as, and only insofar as it involved Part III thereof, being "Petition for Recovery of Assets," should be remanded to the probate court for hearing thereon, and disposition thereof, and entered its order accordingly.

Subsequently, and on September 22, 1958, the executor filed a lengthy motion to strike the entire amended petition from the files which, for purposes now important, may be said to be based on the following grounds:

1. That the alleged facts set forth in Part II of said amended petition and the relief claimed therein is a new and original demand against the estate of said decedent and should be filed in the Probate Court of Barton County.

2. That this court has no jurisdiction to hear or pass upon any claims of a separate or different nature other than that which petitioner attempted to set forth in her original petition for allowance which has been transferred by the Probate Court to this court for hearing.

3. That this court has no jurisdiction to pass upon or grant any of the relief requested by said petitioner in what is designated "III Petition for Recovery of Assets." That the Probate Court of Barton County, Kansas, has sole and exclusive jurisdiction over the attempted cause of action and relief asked for in what is designated at "III Petition for Recovery of Assets," and that this court, by reason of the order of the probate court transferring said original demand to this court for hearing, has no jurisdiction over any other matters or proceedings pertaining to the administration of the estate of Jacob Manweiler, deceased.

The district court heard the motion to strike on the date it was filed. On the next day it sustained such motion and entered an order striking the entire amended petition from the files. Thereupon Hazel perfected the instant appeal wherein she is entitled to a review of that ruling.

In approaching his position, the only ruling of the trial court involved in this appeal is proper and should be upheld, appellee, with commendable candor, directs our attention to *Roberts v. Setty,* 154 Kan. 505, 119 P. 2d 539, and concedes that if the original claim or petition for allowance of demand, which was filed in the probate court, stated a cause of action against the estate of the decedent, such claim or petition could have been amended if the amendments related only to an amplification or enlargement of facts which were previously imperfectly pleaded; and that such an amendment could have been made to such pleading even after expiration of the nine months' period for filing a claim had expired. Having properly made this concession the principal contentions advanced by appellee in support of the trial court's action in sustaining the motion to strike are (1) that the facts set forth in Part II of the amended petition and the relief claimed therein constituted a new and original demand against the estate of the decedent

which, since it had not been filed in the probate court within the time prescribed by G. S. 1949, 59-2239, is barred and unenforceable under the terms and provisions of that section of our statute; and (2) that the district court had no jurisdiction to hear or pass upon any claim or demand of a separate and different nature other than that which appellant attempted to set forth in her original petition.

Thus, in the face of what has been heretofore related, and assuming—without deciding—that in an action such as is here involved a motion to strike a pleading from the files is proper procedure, it appears that in this case we are required to examine the original petition, even though a demurrer had been sustained thereto on the ground it failed to state a cause of action, in order to determine whether such pleading stated a demand in terms sufficient to toll the statute (59-2239, *supra*) fixing the time within which demands against a decedent's estate must be exhibited in probate court.

At the outset it may be conceded that appellee's second contention the district court had no jurisdiction to hear or pass upon any claim or demand of a separate and different nature other than that which appellant set forth in her original petition is correct. (G. S. 1949, 59-301; *Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188.)

Therefore we turn to the original and the amended petitions for the purpose of determining whether appellee's first contention, that the facts set forth in the amended petition constituted a new and original demand against the decedent's estate, has merit, mindful that under our decisions (See, e. g., *In re Estate of Ray*, 180 Kan. 634, 306 P. 2d 190) such pleadings are to be liberally construed and given the benefit of all reasonable inferences. In doing so it is neither necessary nor required that we here detail the contents of the involved pleadings. It suffices to say that after a careful and extended examination thereof, in the light of the rule to which we have referred, we have concluded (1) that although the original petition is far from a model of draftsmanship and includes allegations under which appellant was seeking relief, to which she was not entitled in probate court, it nevertheless contains other allegations which, when liberally construed and accepted as true, were sufficient to establish a valid demand against the estate of her deceased husband, based on the existence and breach of the marriage contract, and therefore stated a cause of action against his

estate in terms sufficient to toll the statute (59-2239); and (2) that the allegations of the amended petition did not state an entirely new and different cause of action from that stated in the original but, on the contrary, merely separated the intermingled relief sought in the original petition by setting forth in separate and distinct causes of action, so to speak, the facts relied on to establish appellant's demand against the estate by reason of the existence and breach of the marriage contract and the facts relied on as warranting recovery by the estate of assets, alleged to have been obtained by the children from their father, in his lifetime, through fraudulent misrepresentations and without consideration.

It must be admitted, as appellee points out, that in both the original and amended petitions appellant sought more relief than that to which she was entitled in a proceeding to establish a demand against an estate under the provisions of the probate code. Even so it does not follow, as is suggested, that fact made either pleading subject to a demurrer or—as here—subject to a motion to strike, which the trial court treated as tantamount to a demurrer. Under our decisions a petition which otherwise states a cause of action is not subject to a demurrer for the reason it seeks to recover more or different relief than that to which the plaintiff is entitled. (*Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75; *Billups v. American Surety Co.,* 170 Kan. 666, 672, 228 P. 2d 731; *Wilson v. Kansas Turnpike Authority,* 181 Kan. 1025, 1028, 317 P. 2d 843; *Coolbaugh, Trustee v. Gage,* 182 Kan. 145, 149, 319 P. 2d 146; and numerous other decisions cited in West's Kansas Digest, Pleading, § 193[8]; and Hatcher's Kansas Digest [Rev. Ed.], Pleading § 94.) And to assume *arguendo* that the prayer of the original petition did not ask for all the relief to which appellant was entitled under its allegations does not mean that pleading was so defective it failed to state facts sufficient to toll the statute (G. S. 1949, 59-2239) and could not be amended as contemplated by G. S. 1949, 59-2408. For decisions holding the prayer is merely the pleader's motion of the amount of relief to which he is entitled and if the cause of action is sufficiently stated and proved the court will adjudge and decree the proper legal redress, which may or may not conform to the relief prayed for by the pleader, see *Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389; *Fink v. Fink,* 173 Kan. 82, 88, 244 P. 2d 184; *Farmers Union Elevator Co. v. Johnson-Sampson Constr. Co.,* 174 Kan. 693, 700, 258 P. 2d 268. See, also, West's Kansas Digest,

Pleading § 72, and Hatcher's Kansas Digest (Rev. Ed.), Pleading § 93.

Having concluded the original petition stated a cause of action in terms sufficient to toll the statute (59-2239), and that the allegations of the amended petition were equally sufficient from that standpoint, we are confronted with another contention advanced by appellee to the effect the ruling on the demurrer to the original petition has become final and is now the law of the case. It may be conceded that, in the absence of a changed ruling by the trial court, there would be merit to this contention. The trouble with appellee's position on this point is that after sustaining the demurrer to the original petition the trial court, as was its right, changed that ruling and order, permitted the filing of an amended petition, and then overruled a similar and more far-reaching demurrer to the amended petition. In such a situation it cannot be successfully argued, and we refuse to hold, that the first ruling became the law of the case.

Turning to what has been heretofore referred to as ground 3 of appellee's motion to strike we hold, that under the facts and circumstances existing at the time that motion was ruled upon: (1) The district court had no jurisdiction to pass upon or grant any of the relief requested by appellant in what is designated as "III Petition for Recovery of Assets." In this connection it is to be noted, that prior to its ruling on the motion the district court had remanded all questions relating to recovery of assets by the estate to the probate court and was no longer concerned therewith; (2) the probate court has original power and authority to direct the executor to institute an action for the purpose of recovering assets belonging to the estate but any action so instituted must be brought in the district court or some other court of competent jurisdiction; (3) the district court's jurisdiction was limited to disposition and determination of appellant's demand against the estate for the alleged breach of the marriage contract.

For decisions supporting the three conclusions last above announced see *In re Estate of Ray*, 634, 636, 637, supra; *In re Estate of Slaven*, 177 Kan. 185, 277 P. 2d 580; *In re Estate of Weaver*, 175 Kan. 284, 262 P. 2d 818; *Coffey v. Shrope*, 180 Kan. 621, 306 P. 2d 164.

Based on what has been heretofore stated and held, and after careful consideration of all arguments raised by counsel respecting

the rights of the parties in this appeal, we are constrained to hold that under the confronting facts and circumstances, the appellant is entitled to a trial on the merits of her demand and that the trial court erred in sustaining the motion to strike the amended petition from the files. It follows its action in that respect should be vacated and set aside with instructions to overrule the motion, permit the filing of defenses by way of answer, and then proceed to hear the cause.

Finally it should be stated the conclusions herein announced assume the correctness of and are limited strictly to applicable factual averments set forth in what has been heretofore identified as Part II of the amended petition. We are fully aware that upon joinder of issues and a trial upon the merits the appellant may be unable to establish her demand against the estate by adequate proof. That, it may be added, is a matter not presented by the instant appeal and one on which we cannot pass until the trial court has done so.

The judgment is reversed with directions to proceed in conformity with the views herein expressed.