No. 42,842

HAL G. WEAVER, Administrator of the Estate of Tom Conlin, deceased, and THOMAS L. CONLIN, *Appellant,* v. LEAH WHITE and JOHN W. WHITE, *Appellees.*

(374 P. 2d 219)

292

Opinion filed August 28, 1962.

A. *Harry Crane, Ward D. Martin, Arthur L. Claussen,* and *Harvey D. Ashworth,* all of Topeka, were on the briefs for the appellant.

*Champ Graham* and *Samuel Mellinger,* both of Emporia, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from an estate proceeding, presently pending in the probate court of Wabaunsee County, and the action giving rise to the instant appeal reached the district court of that county by reason of an order of the probate court, issued pursuant to the provisions of G. S. 1949, 59-1401, now G. S. 1961 Supp. 59-1401, directing the administrator of an intestate (widower) decedent, along with one of the heirs of such decedent, *to bring an action in district court to set aside certain deeds* executed and delivered by the decedent in his lifetime to his only other child.

The factual averments of the petition are all that is required to properly present the appellate issue involved. Therefore, assuming *arguendo* its allegations can be established by evidence, we deem it necessary to quote at length from that pleading.

Omitting formal averments, descriptions of real estate, repetitious allegations and others of no material consequence, the petition reads:

"1. That the plaintiff Hal G. Weaver is the duly appointed, . . . executor of the estate of Tom Conlin, deceased. That he was duly appointed . . . by the Probate Court of Wabaunsee County, Kansas, and duly published notice of his appointment as administrator on September 15, 1960. That the said Thomas L. Conlin is the son and one of the heirs of Tom Conlin, deceased. That both . . . are residents of Wabaunsee County,
. . .

"2. . . . defendants are husband and wife and are residents of Lyon County, . . . Leah White is the daughter of Tom Conlin, deceased, and one of the heirs of his estate.

"3. That on October 27, 1960, it was ordered by the Probate Court . . . that the plaintiff Hal C. Weaver, administrator . . ., bring an action in the District Court of Wabaunsee County, Kansas, to set aside certain deeds . . . wherein the said Tom Conlin was grantor and the defendants . . . were grantees. That by the same order the court directed that Thomas L. Conlin join in said proceedings as a party plaintiff *and this action is brought pursuant to said order of the* Probate Court.

"4. That plaintiffs further allege for their cause of action against the defendants *that the plaintiff Thomas L. Conlin* is the son of Tom Conlin, deceased. That the said Tom Conlin died intestate on May 3, 1960, leaving as his sole and only heirs at law this plaintiff, his son, and the defendant Leah White, his daughter, . . .

"5. That during the childhood *of the plaintiff Thomas L. Conlin,* he lived in the home of his parents, Tom Conlin and Rosa Conlin, and he remained there until he was 21 years of age. He worked on the farm of his parents without salary, . . . and was unable to attend high school by reason of the necessity of working on the farm of his parents. *When this plaintiff* reached the age of 21 years, in the spring of 1934, he decided to and did leave home. That immediately thereafter his father sent for him and shortly thereafter persuaded *this plaintiff* to return home and continue working on the farm. That at that time the only real property owned by the father, Tom Conlin, and his wife was the home place described as follows:

(Description of an 80 acre tract located in Wabaunsee County.) subject to a mortgage of $2,000 . . .; and another piece of real estate described as follows:

(Description of an 80 acre tract located in Lyon County.) which was also encumbered by a mortgage.

"6. That shortly prior to the time . . ., the father, persuaded *this plaintiff,* . . . to return home and resume working there, the father told his son, *this plaintiff,* that the father was unable to farm the home place in Wabaunsee County, . . . and the eighty acres in Lyon County, . . . and that if the son did not return home and farm said real estate that the father would lose everything he had. At that time the father, . . . orally agreed with his son, . . . that if said plaintiff came back home and did the farm work that upon the death of the father all of his property, . . . then owned or thereafter acquired would belong to the son, . . . except the eighty acres in Lyon County, . . . which was to be the property of the daughter, . . .

"7. That pursuant to said oral agreement *this plaintiff* performed his part of the agreement in full and came back home and farmed the real estate . . . and other land subsequently acquired. That the mortgages on the home place in Wabaunsee County and the eighty acres in Lyon County were paid off, . . . and thereafter additional land was acquired, title being taken in the name of the father, . . . including the . . .:

(Here follows description of Wabaunsee County tracts of land involved.)

"8. That the money for the purchase . . . was provided through the work and effort of this plaintiff, . . . and rightfully belonged to him according to the terms and provisions of the oral agreement of his father, . . .

"9. That in violation of the terms of said agreement . . . Tom Conlin executed deeds to the defendants, Leah White and John W. White, to the two parcels of real estate described above in paragraph No. 7. That said deeds were without consideration and both deeds bore date of May 23, 1955, but were not recorded in the office of the Register of Deeds of Wabaunsee County, . . . until January 8, 1960. That said deeds contained a notation thereon 'Please do not publish.' That to the best of petitioner's knowledge and belief said deeds were not published and he did not learn of their existence until after the death of Tom Conlin on May 3, 1960.

"10. That the conveyance . . . by . . . Tom Conlin to the defendants, . . . was in violation of the terms of the said oral agreement hereinbefore set out and that this plaintiff is entitled to said real estate and that said deeds should be set aside and held for naught.

WHEREFORE, *plaintiffs* pray the court for an order setting aside the deeds dated May 23, 1955, to the following described real estate:

(Here follows description of the 40 acre tract and the 80 acre tract involved.)

wherein Tom Conlin was the grantor and the defendants, . . . where the grantees and that said deeds should be declared null and void . . . and that the court should further order the said real estate to be set over to *the plaintiff Thomas L. Conlin* as his sole and separate property or in the alternative that . . ., administrator of the estate . . . be authorized and directed to take possession of said real estate and include the same in the inventory of said estate pending the further orders of the Probate Court . . ." (Emphasis supplied.)

Following proceedings in the district court of no consequence to a review of the issue here involved defendants filed a motion to dismiss the action for the reason that court did not have jurisdiction of the subject matter of the action. In due course this motion was sustained on the ground therein stated and, after announcing its decision, the district court entered an order and judgment dismissing the action with prejudice on that basis.

Thereupon, and within the time allowed by statute, Thomas L. Conlin, as plaintiff, perfected the instant appeal wherein, under proper specifications of error, he charges the court erred (1) in finding it did not have jurisdiction of the subject matter of the action; (2) in sustaining the defendants' motion to dismiss; and (3) in rendering judgment in dismissing the action with prejudice. Plaintiff Hal G. Weaver, administrator, perfected no appeal from

the trial court's order and judgment and has made no appearance in this court.

In their briefs and on oral argument appellant, Thomas L. Conlin, as well as appellees, Leah White and John W. White, her husband, state that the all-decisive question involved in this case is whether the district court has jurisdiction of the subject matter of the action. We proceed on that premise.

In approaching consideration of the foregoing question it should be said that in view of the direct and concise manner in which respective counsel have presented their views its decision is not going to be as difficult as, on first blush, it might seem to be.

At the very outset, with commendable candor, both parties concede, as well they may (See *Hildenbrand v. Brand,* 183 Kan. 414, 327 P. 2d 887; *Coffey v. Shrope,* 180 Kan. 621, 623, 306 P. 2d 164; *In re Estate of Weaver,* 175 Kan. 284, 287, 262 P. 2d 818; *In re Estate of Thompson,* 164 Kan. 518, 522 to 526, incl. 190 P. 2d 879), that the rule relating to jurisdiction of probate courts and district courts over matters such as are here involved is well-established and, in effect, is that stated in our most recent case of *Shields v. Fink, Executrix,* 190 Kan. 17, 372 P. 2d 252, where it is said and held:

"Generally speaking, when the purpose of an action or claim is to get something out of an estate of a decedent, the probate court has exclusive original jurisdiction of the matter and the action or claim must be filed in the probate court (citing cases); but when the purpose of an action or claim is to bring something into an estate of a decedent, that is, when an estate has a claim which its personal representative is attempting to enforce, the action is to be filed in the district court or some other court of competent jurisdiction (citing cases)." (p. 26.)

Moreover, and with equal candor, the parties impliedly, if not expressly, admit, or for that matter if they do not do so must concede:

1. That in an action to compel the performance of a contract wherein it is claimed that the plaintiff and decedent had entered into an oral contract, whereby the decedent had agreed to leave all his property to plaintiff in return for services performed, the probate court where the estate is being administered had exclusive original jurisdiction. See, *e. g., Behee v. Beem,* 156 Kan. 115, 131 P. 2d 675; *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364; *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565; *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; *In re Estate of Ray,* 180 Kan. 634, 306 P. 2d 190.

2. It is now definitely established by our decisions that where, pursuant to the provisions of 59-1401, *supra,* the administrator of an estate, in conjunction with the heirs, seeks to bring property, either real or personal, into the estate, or otherwise realize something of benefit to the estate, jurisdiction of an action instituted for that purpose is not in the probate court but in the district court or some other court of competent jurisdiction. See *e. g., Lanning v. Goldsberry,* 171 Kan. 292, 232 P. 2d 611; *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818; *In re Estate of Slaven,* 177 Kan. 185, 277 P. 2d 580; *Coffey v. Shrope,* 180 Kan. 621, 306 P. 2d 164; *Newcom, Administrator v. Potterf,* 182 Kan. 73, 75, 318 P. 2d 1069; *In re Estate of Manweiler,* 185 Kan. 343, 349, 342 P. 2d 730; *Windscheffel v. Wright,* 187 Kan. 678, 360 P. 2d 178.

Notwithstanding the concessions to which we have previously referred the parties fail to agree as to the force and effect to be given the petition when properly construed. On the one hand appellees contend the allegations of that pleading constitute a demand against the estate over which the probate court has exclusive original jurisdiction. On the other appellant Conlin claims the allegations of such pleading state a cause of action for setting aside the deeds in question, hence the district court has exclusive jurisdiction over the subject matter of the cause of action set forth in the petition. For reasons to be presently stated we believe both claims, as made by the parties, are at least in part erroneous and on that account neither can be upheld in its entirety.

A careful analysis of the petition discloses that in commencing the action in district court the administrator, joined by the appellant, filed a dual purpose petition in which they sought to embody two causes of action, one to set aside the involved deeds, ostensibly for the benefit of the estate, and the other to establish the oral contract relied on by appellant as entitling him to all real property owned by his father (Tom) on the date of his death, except the eighty acre tract located in Lyon County. When so construed, it necessarily follows that, under the decisions to which we have heretofore referred, the petition attempts to state a cause of action to set aside the involved deeds, over which the district court would have jurisdiction, and at the same time establish a demand against the estate, over which the probate court has jurisdiction.

We are not disposed to labor the allegations of the petition, which have been heretofore set forth at length so that all who desire

to read them may do so. It suffices to say that, in our opinion, merely to read the factual averments set forth in paragraphs 1 to 10, incl., of such pleading is all that is required to warrant the conclusions just announced. Of a certainty such conclusions become inescapable when the allegations of the petition are read in connection with *its prayer* which, while it may be no part of the petition is nevertheless highly important in determining the theory and/or theories on which plaintiffs claim they are entitled to relief, specifically prays that the district court not only declare the involved deeds should be set aside as null and void but also prays the court should further order the real estate covered by the terms of such conveyances to be set over to the plaintiff, Thomas L. Conlin, as his sole and separate property.

In an attempt to sustain the trial court's ruling on the involved jurisdictional question appellees direct our attention to several of our early decisions (See, *e. g., Behee v. Beem,* 156 Kan. 115, 131 P. 2d 675; *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; *Gebers v. Marquart,* 166 Kan. 604, 203 P. 2d 125; *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010). Conceding that, under the decisions last cited, appellant's alleged oral contract constitutes a demand against his father's estate which had to be exhibited in the probate court within the time prescribed by G. S. 1949, 59-2239, in order to ultimately establish it as a claim against the estate, such decisions are not to be construed as holding that the existence of such demand, or its assertion in probate court, gave the probate court original jurisdiction over the action instituted by the administrator in conjunction with the heir, as authorized by the provisions of G. S. 1961 Supp., 59-1401, for the purpose of setting aside deeds to real estate executed by the father in his lifetime.

Appellees, in our opinion, do not seriously quarrel with the conclusion just announced. Their basic claim, as we understand it, is that appellant, joined by the administrator, filed a petition in district court, which had for its sole purpose the establishment of appellant's oral contract; hence, under the cases cited in paragraph hereinabove identified as (1), that pleading must be considered as setting forth a single cause of action, based on a demand, over which the probate court had exclusive original jurisdiction.

In view of the hybrid allegations of the petition it must be admitted that the foregoing claim is not wholly devoid of merit. Be that as it may, having given such claim serious consideration, we

are constrained to adhere to the conclusion previously announced, *i. e.*, that the petition attempts to state a cause of action to set aside the involved deeds, over which the district court has jurisdiction and at the same time attempts to state a cause of action in the nature of a demand against the estate, over which the probate court has jurisdiction. This conclusion, we believe, is required upon application of the established rule, that the mere fact a petition seeks to recover more or different relief from that to which a plaintiff may be entitled does not make the petition demurrable if it otherwise states a cause of action (See *Finkenbinder v. Dreese,* 188 Kan. 544, 363 P. 2d 465), and its corollary, that the fact such a pleading seeks to recover more or different relief from that to which a plaintiff may be entitled does not make it subject to dismissal because the district court does not have jurisdiction over all the subject matter of the action, if it appears from the face of the petition that such court has jurisdiction over a part of it. Here, as we have seen, the district court had jurisdiction over the cause of action seeking to set aside the deeds in question. However, in leaving this point, it should be stated that the fact appellant and the administrator saw fit to join the two causes of action in their petition does not mean that the district court thereby acquired jurisdiction of the cause of action, based on the oral contract, over which it would not otherwise have had jurisdiction.

What has been heretofore stated and held compels a conclusion the district court erred in sustaining the motion to dismiss the action for the reason it did not have jurisdiction of the subject matter and in entering its order and judgment dismissing the action with prejudice on that basis. Even so, in view of the peculiar circumstances existing in this case, we are not warranted in holding that such order and judgment should be reversed without additional comment.

In an action such as is here involved—instituted pursuant to, and in conformity with, the provisions of G. S. 1961 Supp., 59-1401, to set aside deeds for the purpose of bringing property thereby conveyed back into the estate of a decedent, as a part of the assets of his estate, the plaintiffs (here the administrator and the appellant) must win or lose upon the strength and/or weakness of the title acquired by the grantees (here the defendant appellees) under the conveyances made to such grantees during the lifetime of the decedent, not on the strength of a claim which some person, heir or

otherwise, is making to all or any portion of the estate. By this token, and on the basis of what has been heretofore stated, it necessarily follows that all allegations of the petition calculated to establish appellant's cause of action, based on his demand against the estate, over which the district court had no jurisdiction, were improperly included in the petition and should have been deleted from such pleading by that tribunal, through some proper method of excision, before passing upon the appellees' motion to dismiss the action on the jurisdictional ground therein stated. All this, we submit, finds definite support in our recent decisions of *In re Estate of Ray*, 180 Kan. 634, 636, 637, 306 P. 2d 190; *In re Estate of Slaven*, 177 Kan. 185, 189, 190, 277 P. 2d 580; and *In re Estate of Weaver*, 175 Kan. 284, Syl. ¶¶ 1 and 2, and corresponding portions of the opinion, 262 P. 2d 818, which fully demonstrate that from jurisdictional, and all other standpoints, actions to set aside deeds to bring property within the administration of an estate as an asset, as distinguished from actions to get something out of the assets of an estate, are separate, distinct, and independent proceedings.

In the face of the record presented, and after careful consideration of all contentions advanced by the parties, we are convinced that the district court (1) confused the issue here involved with regard to the right of the administrator and the appellant Conlin to maintain an action in district court to set aside the deeds in question and attempt to bring the real estate therein conveyed back into the estate as assets of the estate with the appellant's right to establish his oral contract in probate court as a demand against the estate; (2) failed to take note that allegations of fact relating to a cause of action over which it had no jurisdiction had no place in the petition to set aside such deeds and should have been stricken from that pleading by proper order; and (3) failed to apply the rules heretofore set forth in the paragraph of this opinion wherein we cite the case of *Finkenbinder v. Dreese*, supra.

Without more ado we hold that the judgment and order dismissing this case with prejudice, on the ground the trial court has no jurisdiction of the subject matter of the action, should be reversed and set aside with directions that further proceedings be had in the cause in accord with the views expressed in this opinion. It is so ordered.