No. 38,328

DONALD COLLINS, Administrator, c. t. a. of the Estate of Nellie Henderson, Deceased; DORALYNN COLLINS AMOS, FRANCIS LEROY COLLINS, and DONALD COLLINS, *Appellees*, v. MOLLIE L. RICHARDSON, a widow, *Appellant*.

(230 P. 2d 1018)

Opinion filed May 12, 1951.

*Jerry E. Driscoll*, of Russell, argued the cause, and *D. A. Hindman*, of Stockton, and *Richard M. Driscoll*, of Russell, were with him on the briefs for the appellant.

*Clayton S. Flood*, of Hays, argued the cause, and *W. McCaslin*, of Stockton, and *Henry F. Herrman* and *E. C. Flood*, both of Hays, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to determine the extent of interests of the parties in certain real estate and to quiet the title of plaintiffs to their respective interests therein. The case was here before (168 Kan. 203, 212 P. 2d 302). The present appeal is from an order of the court of November 13, 1950, denying defendant's motion to dismiss the action on the ground that the court had no jurisdiction to hear and determine the case.

` The portions of the record pertinent to this appeal may be stated briefly as follows: On April 18, 1947, Nellie Henderson and three others, as plaintiffs, filed an action in the district court of Ellis county to have determined their respective interests in a described tract of 680 acres of land situated in Ellis county. The sole defendant was Mollie L. Richardson, upon whom personal service of summons

was made. For reasons not material here plaintiffs filed an amended petition December 1, 1947, in which it was alleged that the plaintiff, Nellie Henderson, was the owner of an undivided seven-eighths interest in the surface rights and an undivided six-eighths interest in the oil, gas and other minerals in and under the real estate subject to certain conveyances made by her, which are not here involved; that each of the other plaintiffs owned an undivided one-twenty-fourth interest in and to the oil, gas and other minerals thereunder, and that the defendant, Mollie L. Richardson, owned an undivided one-eighth interest in the surface rights and in the oil, gas and other minerals thereunder; that the interests of all the parties were subject to certain oil and gas leases, which were described, and that oil in paying quantities had been discovered and was being produced. The petition set out a chain of title to the property which tended to support the claims of plaintiffs as to the respective interests of the parties. It alleged that the defendant claims and asserts a greater right, title and interest than her undivided one-eighth interest in and to the land and the oil, gas and mineral rights therein adverse to the right, title, interest and estate of the plaintiffs, the nature, character and extent of which is unknown to plaintiffs; that whatever such claim of the defendant may be the same is junior and inferior to and wholly null and void except as to her undivided one-eighth interest. The prayer was for a discovery of the adverse claims of the defendant to a greater than an undivided one-eighth interest and that she be required to answer and fully set forth and disclose her claim to a greater than an undivided one-eighth interest in the land and minerals, and that plaintiffs be decreed to be the owners of the real property and the oil, gas and minerals thereunder in accordance with the respective interests as alleged in the petition, and that their title thereto be quieted as against the defendant, Mollie L. Richardson, except as to her undivided one-eighth interest.

On May 25, 1948, the defendant, Mollie L. Richardson, filed her answer in which she claimed an undivided one-third interest in the surface of the real property and in the oil, gas and other minerals thereunder. To this answer plaintiffs on July 28, 1948, filed a motion to strike certain portions thereof upon the ground that they constituted no defense. This motion was heard by the court and on October 1, 1948, was sustained as to paragraphs 10, 11, 12 and 13 of the answer. In due time and on November 23, 1948, the defendant appealed from the order of the court of October

1, 1948. That appeal reached this court and was decided on December 10, 1949, sustaining the ruling of the trial court (168 Kan. 203, 212 P. 2d 302).

In the meantime and on April 10, 1949, Nellie Henderson, a resident of Rooks county, died testate. Her will was duly admitted to probate in the probate court of Rooks county on May 13, 1949, and Donald Collins was duly appointed administrator c. t. a. of her estate. On June 18, 1949, upon consideration of the application duly made therefor, which application recited the facts of this action having been brought in the district court of Ellis county, Kansas; that defendant had taken an appeal to the supreme court; that in excess of $50,000 belonging to the estate from oil production had been impounded in a suspense account pending the outcome of the Ellis county litigation, and requesting specific orders with respect thereto, it was by the probate court of Rooks county adjudged and ordered that the administrator c. t. a. should have possession of all of the real estate belonging to the decedent at the time of her death; that none of the real estate involved in the litigation constitutes the homestead of the surviving spouse of decedent, and that the administrator c. t. a. should be authorized and directed to revive the quiet title action in the district court of Ellis county and the supreme court of the state of Kansas in his name as administrator c. t. a. of the estate of Nellie Henderson, and it was "by the court, considered, ordered, adjudged and decreed that Donald Collins, as administrator c. t. a. of said estate [of Nellie Henderson], be and he is hereby authorized and directed to forthwith take possession of all of the real estate belonging to said decedent at the time of her death, wherever same may be situated," and that the administrator c. t. a. "be, and he is hereby authorized and directed to forthwith cause the quiet title suit on the Ellis county real estate, which said suit is now pending in the district court of Ellis county, Kansas, and in the supreme court of the state of Kansas, to be revived in him as administrator c. t. a. of said estate, and that he is hereby authorized to employ and retain counsel for the purpose of prosecuting said suit, and to pay therefor, subject to the approval of this court in said matter, and that he be authorized to do all things necessary to diligently prosecute said suit to completion."

On July 6, 1949, Mollie L. Richardson, defendant in the Ellis county action, filed therein a motion for an order of revivor in which she alleged the death of Nellie Henderson, a resident of

Rooks county, the probate of her will, and that Donald Collins was duly appointed administrator c. t. a. of the estate of Nellie Henderson, deceased, and prayed that the action be revived in his name as such administrator. The parties to the action in Ellis county stipulated for the revivor, and on July 11, 1949, the court made an order by which the action was revived in the name of Donald Collins, administrator c. t. a. of the estate of Nellie Henderson. A similar motion was filed in the case pending in the supreme court and an order of revivor was made on July 19, 1949. On July 19, 1949, Donald Collins, administrator c. t. a. of the estate of Nellie Henderson pending in the probate court of Rooks county, filed an inventory of the estate, which inventory described the real property involved in the litigation in Ellis county and listed the ownership of Nellie Henderson at the time of her death in this property to be the same as was alleged in her amended petition filed in the district court of Ellis county. After the mandate went down from the supreme court in the case decided in 168 Kan. 203, 212 P. 2d 302, and on February 16, 1950, Mollie L. Richardson filed in the probate court of Rooks county, in the matter of the estate of Nellie Henderson, deceased, her petition for allowance of demand, which included a claim for an undivided one-third interest in and to the surface and mineral rights of the land involved in the action in Ellis county. On May 15, 1950, Mollie L. Richardson, defendant in the Ellis county action, filed therein an amended answer in which she made claim to one-third of the surface and mineral rights in the land involved in that action. On October 4, 1950, plaintiffs filed a reply to this answer. There was a pretrial conference on October 26, 1950, in which certain matters were agreed upon by the parties. On October 30, 1950, defendant in the Ellis county action filed in that action a "motion to dismiss for lack of jurisdiction," which alleged the death of Nellie Henderson on April 10, 1949, a resident of Rooks county, the probate of her will on May 13, 1949, and the appointment of Donald Collins as administrator c. t. a.; that he duly qualified as such, and that administration of the estate of Nellie Henderson was pending in the probate court of Rooks county; that the real property in controversy in the Ellis county case is listed in the inventory of the assets of the estate in the probate court of Rooks county, and that she had filed a demand in that estate which has not been determined; further alleged that the probate court of Rooks county has jurisdiction of all of the property of the estate of Nellie Henderson and

has "exclusive jurisdiction to determine all controversies pertaining to the property listed as assets of the estate of said decedent in said inventory and appraisement and has a proceeding pending in said estate for determination of the exact controversy" here involved. She further alleged "that the district court of Ellis county, Kansas, does not have jurisdiction of the property or interest in controversy herein and does not have jurisdiction to determine said controversy, and this action should be dismissed in this court." This motion was duly heard in the case pending in the district court of Ellis county and denied on November 13, 1950, and by consent of counsel the case was set for final hearing on December 13, 1950. On December 4, 1950 the defendant filed her notice of appeal from the order of the court overruling her motion to dismiss the action. This is the case now before us. Since this motion raises a question of the jurisdiction of the court the same as a demurrer would have done under G. S. 1949, 60-705, *First*, we review the ruling of the court denying it. (See, *Wright v. Rogers*, 167 Kan. 297, 205 P. 2d 1010.)

In this court counsel for appellant freely concede, as they must, that when the action was first brought in the district court of Ellis county that court had jurisdiction of the action; that summons was properly had upon defendant, who appeared in the action and filed various pleadings, and that upon the death of Nellie Henderson the action was properly revived in the district court of Ellis county. In their brief they say:

"The principal question now involved in this litigation is—'Did the district court upon the death of the plaintiff Nellie Henderson and the revivor of the action in the district court of Ellis County, Kansas, lose jurisdiction?' "

It is the contention of appellant that the district court of Ellis county lost jurisdiction and that the jurisdiction became vested in the probate court of Rooks county in the estate of Nellie Henderson, deceased. Counsel for appellant quote G. S. 1949, 59-1401 and 59-2238, and contend that neither of them is applicable or decisive of the question here presented. They cite and rely heavily upon the case of In re *Estate of Thompson*, 164 Kan. 518, 190 P. 2d 879 (see subsequent appeal, *Waldorf v. Waldorf*, 168 Kan. 690, 215 P. 2d 149), and what is said in the opinion (pp. 522-526). That was an action brought in the district court of Sedgwick county by the executor of a decedent's estate for specific performance of a contract relating to real and personal property. The question arose

as to whether the proceedings should have been in the probate court. The trial court held the district court properly had jurisdiction of the case, and we affirmed on that point. In the course of the opinion the writer undertook to classify cases in which the original jurisdiction was in the probate court, or in the district court, and did so (p. 522) by saying:

"The decided cases may be broadly classified into two classes:

"*First class*. Those cases in which the plaintiff sought to get something out of the estate. . . .

"*Second class*. Principally, those cases, naturally fewer in number, wherein an administrator or executor sought *to bring property* of some sort *into the assets* of the estate, or otherwise to *realize something of benefit to the estate*. . . ."

Counsel for appellant argue at some length that since the administrator c. t. a. filed an inventory in the probate court of Rooks county in the estate of Nellie Henderson, deceased, in which he included interest claimed by her in the action pending in Ellis county as a part of the assets of her estate in the probate court, and since Mollie L. Richardson, the defendant in the action in Ellis county, had filed a claim in the probate court of Rooks county in the estate of Nellie Henderson, deceased, claiming the same interest in the Ellis county property inventoried in the estate that she claimed in her answer filed in the action pending in Ellis county, that she is trying to get somthing out of the estate of Nellie Henderson, hence that the case falls within the first class of cases as classified in In re *estate of Thompson*. Counsel for appellees argue to the contrary, that Nellie Henderson and her successor in interest, the administrator, c. t. a., are endeavoring in the action in Ellis county to have her claimed interest in the estate established by a decree of the court and to have her title to such interest quieted in her as against the defendant, so that such interest may be properly distributed by the probate court of Rooks county; and in addition thereto it is argued that there is impounded some $86,000 for oil sold from the Ellis county property awaiting the outcome of the final disposition of that case and which, if plaintiff's contentions respecting the title are sustained, would come into the estate of Nellie Henderson pending in Rooks county for distribution, hence that it cannot be said they are not trying to bring something into the estate.

We think this argument resulting from the classification of claims made by the writer of the opinion in the case of In re *Estate of*

*Thompson* is more interesting than decisive. In fact, the court was careful to limit this classification to the case then before the court. This is clear from several portions of the opinion, and specifically from the following (p. 523):

"As to the second class of cases, the ground has not yet been so fully covered, and we shall not anticipate issues. But we think the disposition made of the cases decided rests upon a sound basis. The code now provides in G. S. 1947 Supp. [G. S. 1949], 59-1401, that the executor or administrator shall have the right to the possession of all the property of the decedent, real as well as personal, with certain named exceptions, and may maintain an action for possession of the real estate or to quiet title to the same. Prior to the enactment of the code, such actions were brought in the district court and the code contains no specific provision changing that rule. Consequently, in the cases that have arisen, this court has found no reason to conclude that the legislature intended to change the forum, as was the case in various actions falling within the first class of cases heretofore referred to. . . ."

We think counsel for appellant rely too heavily upon the case of In re *Estate of Thompson*. While the classification there made was not inappropriate as applying to that case it is clear that the court had no intention and did not attempt to lay down a rule for all cases in the future which might arise under G. S. 1949, 59-1401. Indeed, the statute makes no such classification of cases. We shall not attempt to decide the controversy between counsel as to whether the action pending in the district court of Ellis county seeks to bring into or to take from the estate of Nellie Henderson pending in the probate court of Rooks county. The pertinent part of the statute (G. S. 1949, 59-1401) reads:

"The executor or administrator shall have a right to the possession of all the property of the decedent, except the homestead and the allowances to the surviving spouse and minor children. . . . He may by himself, or with the heirs or devisees, maintain an action for the possession of the real estate or to quiet title to the same."

Since the statute (G. S. 1949, 59-301) gives the probate court original jurisdiction (3) "To direct and control the official acts of executors and administrators, . . ." it was proper for Donald Collins, administrator c. t. a. of the estate of Nellie Henderson, to apply to the court for authority to cause the quiet title suit in Ellis county and the suit pending in the supreme court to be revived in his name as administrator c. t. a. and for his authority to employ and pay counsel and to do all things necessary to diligently prosecute the suit to completion. Such an order was applied for and granted. The suit was properly revived under the authority of G. S.

.1949, 59-2238, and by virtue of that statute the judgment in that suit will be filed in the probate court of Rooks county in the estate of Nellie Henderson, deceased.

Counsel for appellant have cited a number of our cases and discussed them as having some bearing upon the question before us. We have examined all of the cases cited and considered all of the argument, but find no reason to set out the cases and discuss them here at length. We notice a fact not mentioned here by counsel that there are three other plaintiffs in the action pending in Ellis county who set up their interests in the property and ask to have their title quieted thereto. There certainly is no reason as to them why the action should be dismissed.

We find no error in the court's ruling and the order appealed from is therefore affirmed.