No. 38,321

HARRY A. LANNING, Administrator of the Estate of Walter S. Goldsberry, Deceased, *Appellee,* v. CLAUDE EUGENE GOLDSBERRY, *Appellant.*

(232 P. 2d 611)

June 9, 1951. Opinion filed

*Richard W. Shaw,* of Hiawatha, argued the cause and was on the briefs for the appellant.

*Harry A. Lanning,* of Seneca, argued the cause, and *William M. Drumm,* of Seneca, and *Ralph H. Noah,* and *Thomas H. Conroy,* both of Beloit, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action by the administrator of an estate, filed in the district court, for the possession of described real property alleged to be a part of the assets of the estate, the title to which was standing in the name of the defendant, and to quiet title to the property in the name of the plaintiff as administrator of the estate. Defendant filed a demurrer to the petition predicated upon the sole ground that the court has no jurisdiction of the subject matter of the action. The demurrer was considered by the trial court and overruled, and defendant has appealed.

The petition in appropriate detail alleged facts which, for our purposes, may be summarized as follows: Walter S. Goldsberry, a resident of Nemaha county, Kansas, died intestate January 4, 1948. On January 16, 1948, his sister filed a petition for the ap-

pointment of an administrator. A controversy arose about who had the right to designate the appointment of the administrator, which was appealed to the district court, where it was determined that Lee Goldsberry was a son of the deceased and had the authority to be appointed or suggest the appointment of the administrator, as a result of which Harry E. Lanning was duly appointed and qualified as administrator of the estate. The petition alleges further facts tending to show that in April, 1947, Walter S. Goldsberry purchased certain described property in the city of Sabetha and paid for it with his own money, but was induced by his brother, the defendant, to let the title be taken in the name of the defendant, who at the same time executed a deed to Walter S. Goldsberry, blank as to grantee, with authority for him to fill in the name of the grantee. The deed from the vendor to the defendant was recorded some months later. After the death of Walter S. Goldsberry the defendant had charge of his papers, and when the present administrator was appointed the deed from defendant which he had given to Walter S. Goldsberry could not be found. Other facts are alleged which tend to show that Walter S. Goldsberry was an aged man and for more than a year prior to his death had been in poor health, and that defendant, through his confidential relations with his brother, wrongfully succeeded in getting the title to the property in his name without any consideration. The administrator by this action seeks to get the property into his possession as a part of the assets of the estate of Walter S. Goldsberry for administration and for distribution as the probate court may finally determine.

The sole question presented here is whether the district court has jurisdiction to maintain and try this action. We think our statute (G. S. 1949, 59-1401) specifically authorizes such an action, certainly when the probate court had directed the administrator to bring it, as is shown by the brief of appellant. So much of the statute as is specifically applicable here reads:

"The . . . administrator shall have a right to the possession of all the real property of the decedent, . . . He may by himself, . . . maintain an action for the possession of the real estate or to quiet title to the same."

In *Kininmonth v. Carson*, 156 Kan. 808, 137 P. 2d 173, it was held:

"Where the probate court ordered the administrator of an estate to take possession of all the real property owned by decedent, and certain parties were asserting that they had a right to possession and title of the real property, it was the duty of the administrator to bring an action to quiet title, and the proper forum in which to bring it was the district court."

See, also, to the same effect, *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801; *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879; *In re Estate of Wright,* 170 Kan. 400, 227 P. 2d 131, and the more recent case of *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018.

Counsel for appellant cites *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010. But there no administrator had been appointed. Heirs of the decedent sought to bring an action, which this court held should be maintained by the administrator of decedent's estate. Later an administrator was appointed, and in a controversy over that appointment this court, in *In re Estate of Wright,* 170 Kan. 400, 227 P. 2d 131, sustained the appointment. Appellant also cites *Houdashelt v. Sweet,* 163 Kan. 97, 180 P. 2d 604. There the action was brought by one of the heirs after the administration was closed and this court held that it should have been brought by the administrator during the process of administration.

Appellant also cites *Gebers v. Marquart,* 166 Kan. 604, 203 P. 2d 125. In that case a resident of Nebraska died intestate. No proceeding for administration upon his estate was had either in Nebraska or in Kansas, where some of his real property was situated. About two months after his death his widow was adjudged incompetent and a guardian was appointed for her estate. The guardian brought an action in the district court of Kansas of the county in which some of the real property was situated, to set aside certain deeds decedent in his lifetime had made to his daughter. It was held the action was tantamount to a claim against the decedent's estate, that an administrator should have been appointed, and the claim should have been presented there, and that the district court had no jurisdiction of the action. None of the authorities cited by appellant is in point.

The judgment of the trial court is affirmed.