No. 41,039

Lola L. Hildenbrand, Administratrix De Bonis Non of the Estate of William H. Schulz, Deceased, *Appellant,* v. John W. Brand, Executor of the Will and Estate of Emma D. Schulz, Deceased, *Appellee.*

(327 P. 2d 887)

Opinion filed July 7, 1958.

*Eugene Clyde Riling,* of Lawrence, argued the cause, and *John J. Riling,* of Lawrence, was with him on the briefs for the appellant.

*John W. Brand,* of Lawrence, argued the cause, and *Richard B. Stevens,* of Lawrence, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: William H. and Emma D. Schulz, husband and wife, lived in Lawrence. On July 16, 1955, William died intestate. Later,

on a date not shown, Emma died testate. Their respective estates are being administered in the probate court of Douglas County.

On a date not shown, the administratrix of William's estate filed an action in the district court of Douglas County against the executor of Emma's will.

In order properly to present the issue the petition must be shown in full. It reads:

"Plaintiff for her cause of action against the above named defendant alleges and shows to the Court: That she is the duly appointed, qualified and acting administratrix de bonis non of the estate of William H. Schulz, deceased. That the above named defendant, John W. Brand, is the duly appointed, qualified and acting executor of the will and estate of Emma D. Schulz, deceased. That William H. Schulz died upon the 16th day of July, 1955, and at the time of his death he had rented from the First National Bank of Lawrence, Lawrence, Kansas, a safe deposit box, in which he had in cash the sum of $25,000.00. That Emma D. Schulz survived her husband, William H. Schulz, and shortly after his death she removed from said safe deposit box the sum of $9,000.00 and took the same to the residence that she and her husband, William H. Schulz, occupied at 912 Tennessee Street, Lawrence, Kansas, where the same was found by the plaintiff in this action and delivered by her to the defendant, John W. Brand, with the understanding and agreement that the same should be placed in the First National Bank of Lawrence, Lawrence, Kansas, until it had been definitely determined that it was the property of William H. Schulz, her father. That said Emma D. Schulz also removed from said bank box money in excess of $6,000.00, which the plaintiff in this action has been unable to find or locate; and it was further agreed between both the plaintiff and defendant in this action, in their representative capacities, that all money in the First National Bank of Lawrence, Lawrence, Kansas, together with the amount of money found, as hereinbefore stated, should remain in the possession and under the control of the First National Bank of Lawrence, Lawrence, Kansas, until it had been determined whether said money belonged to the estate of William H. Schulz or the estate of Emma D. Schulz.

"Plaintiff further alleges and shows to the Court that all of said money that was in said safe deposit box hereinbefore referred to and that was delivered to the First National Bank of Lawrence, Lawrence, Kansas, was the money and property of her father, William H. Schulz, deceased. That the defendant in this action has refused to authorize the First National Bank of Lawrence, Lawrence, Kansas, to deliver the money hereinbefore referred to to the plaintiff in this action, and the defendant as executor of the will and estate of Emma D. Schulz, has refused to deliver the money herein referred to to the plaintiff in this action as administratrix de bonis non of the estate of William H. Schulz, deceased.

"WHEREFORE, Plaintiff prays for a judgment against the defendant for the sum of $25,000.00 and for an order directing the defendant, John W. Brand, and the First National Bank of Lawrence, Lawrence, Kansas, to deliver to the plaintiff in this action all money that was delivered to said bank, as hereinbefore set out, and all money in the safe deposit box which was rented by

William H. Schulz, and for such other and further relief as the Court may deem just and equitable."

Defendant executor filed a demurrer on the grounds that (1) the petition showed on its face that the court had no jurisdiction of the person of defendant or of the subject of the action, and (2) that it did not state facts sufficient to constitute a cause of action against defendant and in favor of plaintiff.

This demurrer was sustained as to the first ground thereof—that is, that the court lacked jurisdiction of the person of defendant executor and of the subject of the action.

Plaintiff administratrix has appealed from that ruling.

The position of the bank which, we are advised, also was joined as a defendant, is not made clear, but, in any event, it is not a party to this appeal.

The only question in this case is whether the action was properly filed in the district court, or whether it is a matter over which the probate court had exclusive original jurisdiction.

Briefly stated, the contentions of the parties are substantially as follow:

Plaintiff administratrix contends that inasmuch as the money in question has never been a part of Emma's estate, and is merely being held by the bank until its ownership can be determined, the action is not one to obtain something out of her estate, but rather, is an action to bring something into William's estate—therefore it was properly brought in the district court.

Defendant executor contends that notwithstanding the fact the action seeks to bring something into William's estate, it nevertheless seeks to take something out of Emma's estate, and, her estate being in the process of administration, the probate court has exclusive original jurisdiction of the matter—therefore the action should have been filed in the form of a claim against her estate in that court.

The rule is well established that, generally speaking, when the purpose of an action or claim is to get something out of an estate of a decedent the probate court has exclusive original jurisdiction of the matter, and the action or claim must be filed in that court. (*In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879; *Gebers v. Marquart,* 166 Kan. 604, 608, 203 P. 2d 125; *Rowe v. Childers,* 169 Kan. 616, 219 P. 2d 1066; *In re Estate of Weaver,* 175 Kan. 284, 287, 262 P. 2d 818.)

The rule is equally well established that, generally speaking, when the purpose of an action or claim is to bring something into an estate of a decedent—that is, when an estate has a claim which its personal representative is attempting to enforce—the action is to be filed in the district court or some other court of competent jurisdiction. (*In re Estate of Thompson,* supra; *In re Estate of Weaver,* supra; *Coffey v. Shrope,* 180 Kan. 621, 306 P. 2d 164.)

The latter rule is of course subject to the following qualification and exception, and its application to the question before us is readily apparent: When one estate seeks to recover from another estate, that is, attempts to get something out of it—the action or claim must be filed in the probate court notwithstanding that the successful enforcement thereof results in bringing something into the claimant estate—the reason being that the action or claim seeks to get something out of defendant estate.

From the written memorandum filed when this demurrer was sustained it is clear the trial court had the foregoing rules and principles well in mind and based its ruling on the proposition that, essentially, the action seeks to take something out of Emma's estate—therefore the district court had no jurisdiction of the person of defendant executor or the subject of the action.

There being no uncertainty as to the rules of law applicable to matters of this nature, the proposition really narrows down to the question whether the trial court's analysis of the allegations of the petition was correct. That is to say—if the action seeks to recover something from Emma's estate the demurrer was properly sustained. Irrespective whether it be considered as an action to bring something into William's estate—if it does not seek to recover something from Emma's estate the district court had jurisdiction, in which event the demurrer was erroneously sustained.

Although, due to the peculiar and unusual facts and circumstances alleged, it may be conceded the question is a "close" one, we are of the opinion the trial court erroneously concluded that the action is one to recover from Emma's estate.

The allegations of the petition disclose that following William's death Emma removed $9,000 from his safety deposit box and took the same to their home where it was later found by plaintiff administratrix who then delivered it to defendant executor with the understanding and agreement that it should be placed in the bank until definitely determined whether it was the property of William; that

Emma also removed from the safety deposit box money in excess of $6,000 which plaintiff administratrix has been unable to find, and that it was further agreed between plaintiff administratrix and defendant executor that all money in the bank, together with that which had been found, should remain in the possession and control of the bank until it had been determined to which estate it actually belonged. Then follow allegations to the effect that all money that was in the safety deposit box was the property of William; that defendant executor has refused to authorize the bank to deliver it to plaintiff administratrix, and that defendant executor has refused to deliver the money in question to plaintiff administratrix.

In other words, we believe that a reasonable construction of the petition is that it seeks to enforce the agreement between the two personal representatives that the money should be held by the bank until ownership thereof is determined. The action is not for enforcement of any agreement or contract made by Emma. Plaintiff administratrix is not asserting any claim as an heir of Emma or under her will. In the final analysis, the action is really one to enforce the agreement between two personal representatives to maintain the *status quo* until ownership of the money is determined. It is true the answer to that question will have the practical effect of enhancing one of the estates and decreasing the other, but we think it may not be said that, within the meaning of the rule heretofore mentioned, the allegations of this petition are to be construed as an action to get something out of the estate of Emma so as to lodge the exclusive original jurisdiction for the enforcement thereof in the probate court.

It follows, therefore, that the demurrer on the ground the district court had no jurisdiction of the person of defendant executor or of the subject of the action, was erroneously sustained. The basis of our ruling is *not* that the action is one to bring something into William's estate and therefore the district court has jurisdiction—but rather, that it is *not* one to get something out of Emma's estate.

The judgment is therefore reversed.