No. 43,058

CARL A. BELL, JR., Administrator of the Estate of Virgil Hanes, Deceased, *Appellee,* v. Loyd Hanes, Deceased; Virgil Hanes, Deceased; Iona Hanes, Deceased; ROY HANES, LAWSON HANES, and the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Creditors and Assigns; the Unknown Spouses of the Defendants, and the Unknown Guardians and Trustees of such of the Defendants as are Minors or are in any wise under Legal Disability, *Appellants.*

(378 P. 2d 13)

Opinion filed January 26, 1963.

*Hal B. Malone,* of Wichita, argued the cause, and *Harold H. Malone,* of Wichita, was with him on the briefs for the appellant.

*R. A. Munroe,* of Augusta, argued the cause, and *Franklin D. Gaines,* of Augusta, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This case, although it stems from two separate and distinct estate proceedings—presently pending in the probate courts of Sedgwick and Butler Counties, respectively, is here on an appeal from an order and judgment of the district court of Butler County overruling the defendants' demurrer to the plaintiff's petition in a quiet title action now pending in that court.

The petition discloses the theory on which the plaintiff bases his right to the relief claimed and at the same time fully reveals the facts on which the rights of all parties depend on appellate review. Therefore its material allegations should be quoted at length.

Omitting formal averments, repetitious statements and other statements of no material consequence, such pleading, which is verified, reads:

"1. That this Plaintiff [Carl A. Bell, Jr.] is a duly appointed, qualified and acting administrator of the estate of Virgil Hanes, deceased, and as such administrator, has been authorized and directed by the Court of his appointment, that is, the Probate Court of Sedgwick County, Kansas to file this action.

"2. That the Defendant, Iona Hanes, . . .; as administratrix of the estate of Loyd Hanes, deceased, is the duly appointed, qualified and acting administratrix of such estate, she having been duly appointed by the Probate Court of Butler County, Kansas, . . .; that the Defendant, Roy Hanes, is a resident of . . . Butler County, Kansas.

"3. That the decedent, Virgil Hanes, died intestate on the 22nd day of June, 1959. That prior to the death of Virgil . . . and also prior to the 18th day of April, 1955, the said Virgil . . . the said Loyd . . . and the said Roy . . . each owned an undivided one-third (⅓) interest as tenants in common in the fee title in and to the following described real property located in Butler County, Kansas, to-wit:

"The East one-half (E½) of the Southeast Quarter (SE¼) of Section Seventeen (17), Township Twenty-eight (28) South, Range Four (4) East of the 6th P. M.,

upon which real estate on the 18th day of April, 1955, there were producing oil wells. That on the said 18th day of April, 1955, the decedent Virgil . . . being in arrears in the payment of his income tax, borrowed the sum of $400.00 from the said Loyd . . ., now deceased. At that time, the said Loyd . . . accepted delivery of a certain deed made by the said Virgil . . . for an undivided one-third (⅓) royalty interest in and to the above entitled real property, it being the intention then of both Loyd . . . and Virgil . . . that said deed be given as collateral and security for the $400.00 loaned by Loyd . . . to Virgil . . ., and that said Loyd . . . was to hold said deed as a mortgage only. On the same day Loyd . . . recorded said deed in the office of Register of Deeds, Butler County, Kansas, . . . Thereafter and on the 23rd day of May, 1955, the said Virgil . . . and the said Roy . . . sold their interest in the fee of the above described real property to Loyd . . . and conveyed the same to him by way of deed which was recorded . . . in the office of Register of Deeds, Butler County, Kansas, however, they reserved their mineral rights in said deed, said deed containing the following words:

" 'Excepting and reserving, however, unto the said Virgil Hanes, his heirs, personal representatives and assigns forever, an undivided one-third (⅓) interest in and to all oil and gas and other minerals in and under the premises . . .'

and a further exception was made in similar wordage in favor of Roy . . . On the 15th day of June, 1955, actual settlement of the sale of the real property from Virgil . . . and Roy . . . to Loyd . . . was made, at which time Virgil . . . paid unto Loyd . . . the sum of $400.00 representing a repayment of the loan in the amount of $400.00 and interest and charges in the amount of $7.32.

"4. That Virgil . . . died intestate on the 22nd day of June, 1959, and that thereafter the said Roy and this Plaintiff [Carl A. Bell, Jr., administrator] have made demands upon the said Loyd . . ., during his lifetime, and upon Iona . . ., as the administratrix of the estate of Loyd . . ., deceased after the death of Loyd . . ., for the release of said deed which was intended to act as a mortgage and was dated the 18th day of April, 1955, but notwithstanding such demands, the said Loyd . . ., during his lifetime, and the said Iona . . ., as administratrix, have refused and neglected to

make such release, and therefore, such action on their part constitutes a cloud upon the title of this Plaintiff as administrator of the estate of Virgil  .  .  ., deceased.

"5. That the Defendant, Lawson Hanes, is the son of the decedent, Loyd .  .  ., and as such claims some interest by reason of said deed dated the 18th day of April, 1955.

"WHEREFORE, this Plaintiff prays the Court that the said deed dated the 18th day of April, 1955, be set aside and held for naught and the same to be declared by the Court to have been a mortgage and for a further declaration and finding of the Court that said mortgage indebtedness had been paid in full and fully satisfied and should be released of record and that the Plaintiff have his title quieted against each of the Defendants,  .  .  . and that the Defendants and each of them,  .  .  . be barred, enjoined and restrained from claiming any interest in and to the following described interest in real property located in Butler County, Kansas, to-wit:

"The undivided one-third (⅓) interest belonging to Virgil Hanes during his lifetime in and to all oil and gas and other minerals in and under the premises of the following described real property located in Butler County, Kansas, to-wit:

(Here follows legal description of tract of land previously described.) and that this Plaintiff be adjudged to have a fee simple title in and to the aforesaid interest in the real property;  .  .  ."

Following proceedings in the district court of no consequence to a review of the appellate issues involved, and some five and one-half months after the filing of the petition, a demurrer was filed in the action which reads:

"Comes now the defendant and demurs to plaintiff's petition for the reason that the petition discloses on its face that the court has no jurisdicion of the subject matter."

Thereafter the foregoing demurrer was overruled by the trial court. Thereupon the defendants, Iona Hanes, as executor (administratrix), Iona Hanes, as an individual, and Lawson Hanes, perfected an appeal from the district court's ruling on the demurrer.

In passing, lest the court be charged by readers of this opinion with inaccuracy in the foregoing factual statement, we pause to emphasize that in the record presented the demurrer appears to have been lodged against the petition by a single defendant although the trial court treated it as the demurrer of "the defendants"; and that the appellee refers to the fiduciary of the Loyd Hanes estate as "the administratrix"; whereas the appellants refer to such fiduciary as "the executor." No point is raised on appeal by the parties with respect to either of these matters. Therefore, without further comment, we shall proceed with this opinion on the premise the demurrer was filed by the three defendants perfecting the appeal

and that Iona is the duly appointed fiduciary of her deceased husband's estate.

What has been heretofore stated makes it definitely appear the sole question presented for appellate review is whether the district court has jurisdiction to maintain and try the involved action. Prior to giving consideration to proper questions raised by arguments pertaining to the foregoing question we find it necessary to direct attention to the record presented and relied on by the parties in support of their respective positions regarding the propriety of the trial court's ruling on the demurrer.

Ignoring the provisions of our statute (G. S. 1949, 60-705), that the defendant may demur to the petition only when it appears from the face of that pleading that one of the defects therein specified exists, and the requirements of G. S. 1949, 60-707, that when any such defects do not appear upon the face of the petition any objection thereto must be taken by answer, the abstracts, the briefs, and for that matter the oral arguments of the respective parties, are interlarded with references to extraneous facts and other matters which do not appear upon the face of the petition.

Under decisions of this jurisdiction the universal rule is that a demurrer will reach only facts appearing on the face of the petition demurred to and that in ruling on the demurrer a court is not justified in reaching out and making additional facts a part of the challenged pleading.

Another rule, equally well-established and just as frequently applied, is that if additional facts are necessary for the court to consider in passing upon a question of law raised by the demurrer, and such facts are not contained in the petition, a defendant must answer and allege the pertinent and necessary facts which he believes constitute a defense to that pleading..

For recent decisions, where the foregoing rules have been stated, considered, and applied, see *Moore v. State Highway Commission,* 188 Kan. 338, 343, 344, 362 P. 2d 646; *Schraeder v. Sisters of St. Joseph,* 187 Kan. 509, 511, 357 P. 2d 854; and *Board of Education v. Thompson,* 185 Kan. 620, 622, 347 P. 2d 369, and supporting cases therein cited.

Since the extraneous matters to which we have referred are not entitled to consideration in a determination of the appellate issue involved it is neither necessary nor required that we here detail them or make further reference thereto.

Turning to the petition, the averments of which we pause to point out must be given the benefit of all reasonable inferences and are presumed to be true for purposes of ruling on the demurrer (*Shields v. Fink, Executrix,* 190 Kan. 17, 21, 372 P. 2d 252), we have little difficulty in concluding that under its allegation the appellee, under authorization and direction of the probate court of his appointment, is seeking to quiet the title of his decedent, Virgil Hanes, in the real estate specifically described in that pleading, as against a deed which constitutes a cloud upon the title to that property and thus realize something of benefit to Virgil's estate; and that such deed was executed by Virgil, and was delivered to and accepted by Loyd in his lifetime, as a mortgage, pledging Virgil's one-third royalty interests in oil produced from such land, to secure an actual loan of $400.00, which loan was repaid to Loyd by Virgil during their respective lifetimes. Moreover, under all the facts, conditions and circumstances set forth in the petition, when its allegations are construed as we must construe them, we are constrained to conclude that pleading shows on its face that any contingent right or interest Loyd may have acquired in the involved real estate during his lifetime, by virtue of the deed of April 18, 1955, was extinguished on June 15, 1955, by Virgil's repayment of the $400.00 loan, as well as by the conveyance of May 23, 1955, wherein Loyd accepted a deed from Virgil conveying his undivided one-third interest in the surface of the land described in the petition and, in the same instrument, permitted him to reserve an undivided one-third interest in and to the minerals in and under the surface; that neither Loyd nor his estate ever acquired any title in or to such real estate; and that after Loyd's death such real estate constituted no part of the assets of his estate.

With the petition construed as just indicated we are convinced the sole issue here involved is controlled by the general rule, now definitely established by our decisions that where, pursuant to the provisions of G. S. 1949, 59-1401, now G. S. 1961 Supp., 59-1401, an executor, administrator or special administrator of an estate seeks to bring property, either real or personal, into an estate, *or otherwise realize something of benefit to the estate,* the jurisdiction of such action is not in the probate court but in the district court or another court of competent jurisdiction. See *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818, and *Coffey v. Shrope,* 180 Kan. 621, 306 P. 2d 164. For what is perhaps our most recent decision wherein the

rule is stated, discussed and applied see *Weaver, Administrator v. White*, 190 Kan. 291, 374 P. 2d 219, and the cases cited at page 296 of the opinion.

For one of our early cases supporting the foregoing rule see *Lanning v. Goldsberry*, 171 Kan. 292, 232 P. 2d 611, where, in connection with reasons responsible for its enunciation, it is said:

" . . . The administrator by this action seeks to get the property into his possession as a part of the assets of the estate of Walter S. Goldsberry for administration and for distribution as the probate court may finally determine.

"The sole question here is whether the district court has jurisdiction to maintain and try this action. We think our statute (G. S. 1949, 59-1401) specifically authorizes such an action, certainly when the probate court had directed the administrator to bring it, as is shown by the brief of appellant. So much of the statute as is specifically applicable here reads:

" 'The . . . administrator shall have a right to the possession of all the real property of the decedent, . . . He may by himself, . . . maintain an action for the possession of the real estate or to quiet title to the same.'

"In *Kininmonth v. Carson*, 156 Kan. 808, 137 P. 2d 173, it was held:

" 'Where the probate court ordered the administrator of an estate to take possession of all the real property owned by decedent, and certain parties were asserting that they had a right to possession and title of the real property, it was the duty of the administrator to bring an action to quiet title, and the proper forum in which to bring it was the district court.' " (p. 293.)

In an attempt to forestall the force and effect of the conclusions heretofore announced appellants direct our attention to *Hildenbrand v. Brand*, 183 Kan. 414, 327 P. 2d 887, where, with reference to the general rule last above stated, it is held:

"The general rule mentioned in the preceding paragraph of this syllabus is subject to the following qualification and exception: When one estate seeks to recover from another estate—that is, attempts to get something out of it—the action or claim must be filed in the probate court notwithstanding that the successful enforcement thereof results in bringing something into the claimant estate, the reason being that the action or claim seeks to get something out of defendant estate." (Syl. ¶ 3.)

The exception to the general rule, as stated in the *Hildenbrand* case, does not mean that such exception is applicable in every action where contending estates are involved in litigation. That this is so is fully demonstrated by the opinion in that case where, after clearly and definitely pointing out that the test of its applicability is whether the action brought in behalf of one decedent's estate is attempting to get something out of the estate of another decedent, it is stated and held:

"It follows, therefore, that the demurrer on the ground the district court had no jurisdiction of the person of defendant executor or of the subject of

the action, was erroneously sustained. The basis of our ruling is *not* that the action is one to bring something into William's estate [here Virgil's estate] and therefore the district court has jurisdiction—but rather, that it is *not* one to get something out of Emma's estate [here Loyd's estate]." (p. 418.)

Recognizing the import to be given the exception to the general rule, appellants contend it is applicable here because, under the allegations of the challenged pleading, Virgil's estate is attempting to get something out of Loyd's estate.

We believe we have already answered the foregoing contention, contrary to appellant's position, in what has been previously stated with respect to the force and effect to be given the allegations of the petition.

In any event we refuse to hold that, within the meaning of the exception to the general rule as heretofore stated, the allegations of such pleading, when construed as we are required to construe them, are susceptible of a construction the instant action is one which seeks to get something out of Loyd's estate.

What has been heretofore stated and held requires an affirmance of the trial court's action in concluding it had jurisdiction of the subject matter and in overruling the demurrer to the petition based upon that premise.

The judgment is affirmed.