No. 48,179

ELLSWORTH BOLDRIDGE and MARY BOLDRIDGE, His Wife, *Appellants*, v. ESTATE OF WALTER A. KEIMIG, Deceased, *Appellee.*

(564 P.2d 497)

Opinion filed May 14, 1977.

*Charles S. Scott,* of Scott, Scott, Scott & Scott, of Topeka, argued the cause, and was on the brief for the appellants.

*Robert D. Caplinger,* of Stillings & Caplinger, Chartered, of Atchison, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a probate case from the order of the district court of Doniphan County refusing to remove

certain real property claimed by Ellsworth and Mary Boldridge from the estate of Walter A. Keimig, deceased.

The appellants contend the district court of Doniphan County, Kansas, erred in sustaining a motion for summary judgment on the ground that a judgment in a quiet title action in the district court of Atchison County, Kansas, was *res judicata*. This position of the appellants is clarified by their second argument which is to the effect that the probate court of Doniphan County, Kansas, had jurisdiction to entertain their petition seeking to remove the real property in question from the estate of Walter A. Keimig, deceased, while the district court of Atchison County, Kansas, had no jurisdiction to adjudicate the ownership of the real estate in question because the probate court of Doniphan County assumed jurisdiction in the matter prior to the date upon which the petition to quiet title was filed in the district court of Atchison County where the land in question was situated.

Walter A. Keimig was a resident of Doniphan County, Kansas. He owned and farmed land in Doniphan County and Atchison County, Kansas. He died testate on June 21, 1971.

Probate proceedings were initiated in the probate court of Doniphan County by Goldie Keimig, Walter's sole and only heir. Goldie Keimig, as the duly qualified executrix, filed an inventory and appraisement claiming as part of the decedent's estate the following described land in Atchison County, Kansas:

"Commencing at a point on the South line of the Northeast Quarter of the Northwest Quarter of Section 28, Township 6 South, Range 21 East of the 6th P.M., Atchison County, Kansas, where the Missouri Pacific Railroad right-of-way crosses said South line, thence due East on said line to the West bank line of the Missouri River, thence Northwesterly along said Bank to an iron pipe set on the West Bank of said Missouri River in the Northwest Quarter of Section 21, Township 6, Range 21, approximately 1100 feet Northwest of where the said West bank of the said Missouri River crosses the East and West center line of said Section 21, thence Southwesterly on a compass course of 248 degrees 40 minutes approximately 1,398.7 feet to a point intersecting the Missouri Pacific Railroad right-of-way in the Northeast Quarter of Section 20, Township 6, Range 21, Atchison County, Kansas, thence Southeasterly along said Missouri Pacific Railroad right-of-way to point of beginning; also the North 4 acres of the South half of the East 10 acres of the Northeast Quarter of the Southeast Quarter, and the North half of the East 10 acres of the Northeast Quarter of Southeast Quarter of Section 20, Township 6, Range 21."

On March 25, 1972, Ellsworth and Mary Boldridge (plaintiffs-appellants) filed a petition, denominated as a petition to "Strike

From the Inventory Certain Real Estate and Determine Owner-ship Thereto." On August 30, 1972, the appellants petitioned for a transfer of this matter to the district court of Doniphan County. (This action was apparently based on a contract for purchase from Lucy V. H. Ingalls, trustee, in the year 1954, and on a deed dated October 11, 1965, executed by Sally Ingalls Keith, successor trustee to Lucy V. H. Ingalls, which deed was recorded on October 20, 1966.)

Meanwhile, on September 21, 1972, Goldie Keimig com-menced a quiet title action against the appellants in the district court of Atchison County concerning the disputed Atchison County land. This quiet title action alleged the Keimigs had been in peaceable, open, notorious, hostile, adverse, continuous and exclusive possession of the previously described real estate for more than fifteen years. Furthermore, the Keimigs introduced three deeds dated between the dates of September 1, 1948, and February 2, 1952.

The Boldridges answered and on October 15, 1973, this matter was heard in the Atchison County district court. On February 13, 1974, the Atchison County district court found Walter Keimig was the owner of the disputed land and that the Boldridges had at no time farmed or been in possession of the disputed land. Furthermore, the Atchison County district court found in 1956 Walter Keimig obtained a judgment quieting title to the disputed land against Lucy V. H. Ingalls.

The Boldridges perfected their appeal from the adverse judg-ment in the quiet title suit. However, on January 10, 1975, the appeal was deemed abandoned pursuant to Rule No. 6 (*p*) (214 Kan. xxv) of the Rules of the Supreme Court of Kansas. On February 27, 1975, this court denied a motion to set aside the order dismissing the appeal.

The executrix then proceeded to settle the estate in the Don-iphan County probate court. On June 20, 1975, a hearing on her petition for final settlement was held. The probate court denied the Boldridges' petition to strike real estate from the inventory. The Boldridges then appealed to the district court of Doniphan County, where the executrix filed a motion for summary judg-ment pursuant to K.S.A. 60-256 (*b*), contending that the adjudi-cation of the quiet title action in the Atchison County district court was *res judicata.* On October 9, 1975, the Doniphan County

district court sustained the motion on the ground alleged in the motion.

On appeal, which has been duly perfected, the appellants contend the Doniphan County courts first obtained jurisdiction of this matter and had continuing jurisdiction, so that no court of coordinate jurisdiction could interfere. The appellants also contend the probate court has exclusive jurisdiction to determine title to real estate in a decedent's estate. (Citing *Wright v. Rogers*, 167 Kan. 297, 205 P.2d 1010.)

Here the executrix was duly qualified and filed an inventory which included the real estate in dispute. The appellants filed their petition to "Strike From the Inventory Certain Real Estate and Determine Ownership Thereto" in the probate court, and petitioned for a transfer of the matter to the district court of Doniphan County. Was the action of the executrix thereafter in commencing a quiet title action in the district court of Atchison County, where the real estate in dispute was located, proper?

The appellants rely on the general rule of law that when one seeks to remove assets out of an estate of a decedent, the probate court has exclusive original jurisdiction of the matter. When an executor or administrator seeks to bring property into the assets of an estate of a decedent, or otherwise to realize something of benefit to the estate, the action is properly brought in the district court or some other court of competent jurisdiction. (*In re Estate of Thompson*, 164 Kan. 518, 190 P.2d 879; *Hildenbrand v. Brand*, 183 Kan. 414, 327 P.2d 887; *Hudson, Administrator v. Tucker*, 188 Kan. 202, 208, 361 P.2d 878; *Shields v. Fink, Executrix*, 190 Kan. 17, 372 P.2d 252; *Weaver, Administrator v. White*, 190 Kan. 291, 374 P.2d 219; *Oswald v. Weigel*, 215 Kan. 928, 932, 529 P.2d 117; and *In re Estate of Teichgraeber*, 217 Kan. 373, 391, 537 P.2d 174.) The appellants argue their petition filed in the probate court of Doniphan County to remove the real estate in dispute from the inventory was in the nature of a claim against the decedent's estate and was designed to remove real estate from the decedent's estate. The appellants rely primarily on the language in the case of *In re Estate of Thompson*, supra at 522-523.

K.S.A. 59-1401, reads in part:

"The executor or administrator shall have a right to the possession of all the property of a resident decedent, except the homestead and allowances to the surviving spouse and minor children. . . . He or *she may by* himself or *herself,* or

with the heirs or devisees, *maintain an action* for the possession of the real estate or *to quiet title to the same."* (Emphasis added.)

There is no argument that Goldie Keimig was the duly qualified executrix. The *probate code* under which she qualified clearly and expressly gave her authority to bring an action to quiet title to the real estate in dispute. The decedent, Walter A. Keimig, had possession of the real estate here in dispute at the time of his death and his executrix, Goldie Keimig, succeeded to and had possession of that real estate.

An action to quiet title to real estate "must be brought in the county in which the real estate is situated." (K.S.A. 60-601 [*b*] [Weeks].) Therefore, venue of an action to quiet title on the facts in this case was in Atchison County where the real estate in dispute was situated.

The record here presented discloses no order of the probate court authorizing the executrix to bring an action in the district court of Atchison County to quiet title to the real estate in dispute. K.S.A. 59-301 [Corrick] (see L. 1976, ch. 243, Sec. 42, and L. 1976, ch. 242, Sec. 99) gave the probate court original jurisdiction to direct and control the official acts of executors and administrators. Thus, it has been held in *Lanning v. Goldsberry*, 171 Kan. 292, 232 P.2d 611, appropriate for an executor or administrator, before bringing an action for possession of real estate or an action to quiet title to real estate, to advise the probate court of the situation and procure from the probate court an order directing and authorizing him to bring the action. However, the decision makes it clear compliance with the foregoing procedure is not mandatory where the executor or administrator brings an action pursuant to statutory authority under 59-1401, *supra*, for the possession of the real property, or to quiet title to the same.

Cases where the executor or administrator has brought a quiet title action in district court under 59-1401, *supra*, include *Kininmonth v. Carson*, 156 Kan. 808, 137 P.2d 173; *Collins v. Richardson*, 171 Kan. 152, 230 P.2d 1018; and *Bell v. Hanes*, 190 Kan. 765, 378 P.2d 13. When the executor or administrator brings a quiet title action as he is authorized to do, it is not a case of a court of coordinate jurisdiction interfering with the actions of another court as the appellants argue. (*Collins v. Richardson*, supra.)

In *Kininmonth v. Carson*, supra, an administrator of the estate of Sarah Pennington brought a quiet title action against various

defendants. Basically the quiet title petition alleged various defendants claimed title to land in Sumner and Cowley Counties by virtue of certain mineral conveyances dated April 11, 1936, and deeds dated September 16, 1936, all of which were given while Sarah Pennington was an incompetent and insane person. The district court of Cowley County determined it had jurisdiction of the matter, the plaintiff administrator had legal capacity to sue and Sarah Pennington did not have sufficient mental capacity to execute the conveyances and deeds in 1936. This court applied the clear language of 59-1401, *supra*, and affirmed. In the opinion the court said:

"It is conceded by all parties that the plaintiff in this action was appointed administrator of Sarah's estate and that the probate court made an order putting him in possession of all the real estate involved. Plaintiff was in possession under this order when this action was commenced. He found the security of his possession threatened by the claims of the two appellants. The same section of the statute which provided for his being put in possession gave him authority to maintain action to quiet title. . . ." (p. 818.)

In *Collins v. Richardson*, supra, Nellie Henderson and three other plaintiffs filed an action in the district court of Ellis County to have their respective interests in a described 680 acre tract of Ellis County land determined. The sole defendant was Mollie Richardson. On April 10, 1949, Nellie Henderson, a resident of Rooks County, died testate. Her will was duly admitted to probate and Donald Collins duly appointed administrator c.t.a. of her estate. The Rooks County probate court authorized and directed Collins to revive the quiet title action in the district court of Ellis County, which he did. The district court of Ellis County made certain orders adverse to Mollie Richardson which were affirmed by this court on appeal on December 10, 1949. (*Collins v. Richardson*, 168 Kan. 203, 212 P. 2d 302.) On February 16, 1950, Mollie Richardson, defendant in the Ellis County action, then filed a petition for allowance of demand in the probate court of Rooks County in which she restated the claim she made in the district court of Ellis County. Mollie Richardson alleged that the probate court of Rooks County had jurisdiction and the district court of Ellis County did not have jurisdiction. When the matter once again came before this court, the clear language of 59-1401, *supra*, was cited and it was held the judgment in the Ellis County case should be applied in the probate case in Rooks County. In the opinion the court said:

"Since the statute (G.S. 1949, 59-301) gives the probate court original jurisdiction (3) 'To direct and control the official acts of executors and administrators, . . .' it was proper for Donald Collins, administrator c.t.a. of the estate of Nellie Henderson, to apply to the court for authority to cause the quiet title suit in Ellis county and the suit pending in the supreme court to be revived in his name as administrator c.t.a. and for his authority to employ and pay counsel and to do all things necessary to diligently prosecute the suit to completion. Such an order was applied for and granted. The suit was properly revived under the authority of G.S. 1949, 59-2238, and by virtue of that statute the judgment in that suit will be filed in the probate court of Rooks county in the estate of Nellie Henderson, deceased." (pp. 158-159.)

Counsel for the appellant in *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018, argued, the same as counsel for the appellants in the instant case, that real property in dispute was inventoried in the decedent's estate in the probate court by the duly appointed representative of the estate, and that the appellant in the probate proceeding was trying to get something out of the estate of the decedent, hence the case fell within the first class of cases discussed in the opinion of *In re Estate of Thompson,* supra. The appellee in *Collins* argued, if the plaintiff's contentions in the quiet title action in the district court of Ellis County are sustained concerning the real estate in dispute in Ellis County, property would come into the decedent's estate pending in the probate court of Rooks County. In the *Collins'* opinion the court said:

"We think this argument resulting from the classification of claims made by the writer of the opinion in the case of *In re Estate of Thompson* is more interesting than decisive. In fact, the court was careful to limit this classification to the case then before the court. This is clear from several portions of the opinion, and specifically from the following (p. 523):

" 'As to the second class of cases, the ground has not yet been so fully covered, and we shall not anticipate issues. But we think the disposition made of the cases decided rests upon a sound basis. The code now provides in G.S. 1947 Supp. [G.S. 1949], 59-1401, that the executor or administrator shall have the right to the possession of all the property of the decedent, real as well as personal, with certain named exceptions, and may maintain an action for possession of the real estate or to quite title to the same. Prior to the enactment of the code, such actions were brought in the district court and the code contains no specific provision changing that rule. Consequently, in the cases that have arisen, this court has found no reason to conclude that the legislature intended to change the forum, as was the case in various actions falling within the first class of cases heretofore referred to. . . .'

"We think counsel for appellant rely too heavily upon the case of *In re Estate of*

*Thompson.* While the classification there made was not inappropriate as applying to that case it is clear that the court had no intention and did not attempt to lay down a rule for all cases in the future which might arise under G. S. 1949, 59-1401. Indeed, the statute makes no such classification of cases. We shall not attempt to decide the controversy between counsel as to whether the action pending in the district court of Ellis county seeks to bring into or to take from the estate of Nellie Henderson pending in the probate court of Rooks County. . . .'' (pp. 157-158.)

In the case of *In re Estate of Slaven,* 177 Kan. 185, 277 P.2d 580, decided after *Collins,* the administrator had inventoried the real estate claimed by appellees who were grantees in deeds to the real estate. The appellees filed a petition in the estate to strike the real estate from the inventory. The appellees took the position that the probate court did not have jurisdiction and the case should be certified to the district court. The administrator took the position that it was a matter over which the probate court had jurisdiction but which would have to be settled by transfer to the district court. The probate court sustained the appellees' position and certified the matter to the district court. At a pretrial conference the district court advised the parties that it had original jurisdiction and the matter would be tried as though the administrator were proceeding to recover property for the estate. The court ordered the parties to plead as if the administrator were starting an original action in the district court to recover the property. The parties failed to follow the trial court's instructions and filed a pleading referred to as a stipulation and the trial court sustained the petition to strike. The Supreme Court ruled that the district court was correct in holding the matter was properly certified to the district court, but the trial court should have required proper pleadings to be filed so as to frame the issues in an action to adjudicate the title to the real estate. The court quoted from *Lanning v. Goldsberry,* supra, as follows:

" 'When an administrator, entitled to the possession of the real property of the decedent, learns facts tending to show that certain real property belonged to the decedent at the time of his death, the title of which is in the name of another, he is authorized by G.S. 1949, 59-1401, to maintain an action in the district court for the possession of the real property, or to quiet title to the same.' " (p. 189.)

The court in *Slaven* said:

"The trial judge in a colloquy, to which reference has already been made in this opinion, directed the administrator to plead as if he was starting an original action in the district court to recover the property. For some reason the administrator did

not see fit to file such pleadings. He filed the stipulation, to which reference has already been made. The trial court then sustained the petitions to strike. In this the trial court was in error. It should have insisted that proper pleadings be filed and should then have tried the action. The trial court was correct, however, in holding that the district court had original jurisdiction." (pp. 189-190.)

In *Bell v. Hanes*, supra, Carl Bell was the duly appointed administrator of the estate of Virgil Hanes, a resident of Sedgwick County. Bell filed a quiet title action in the district court of Butler County involving title to Butler County land. The defendants challenged the jurisdiction of the Butler County district court. This court held Bell could properly bring an action in the district court of Butler County.

*Wright v. Rogers*, 167 Kan. 297, 205 P.2d 1010, relied upon by the appellants, was distinguished in *Lanning v. Goldsberry*, supra at 294.

We hold the district court of Atchison County had jurisdiction to determine the quiet title action upon application of the executrix. The appellants have litigated the quiet title action in Atchison County. Their attempt to litigate the matter in the probate proceeding in Doniphan County was improper. Venue of the matter was in Atchison County and the district court of Doniphan County was correct in sustaining the appellee's motion for summary judgment. *Res judicata* which the trial court assigned as its reason, however, was erroneous.

If the trial court renders a correct judgment under the facts and the law, the judgment will not be disturbed merely because *wrong reasons are given for its rendition. (Wallace v. Magie*, 214 Kan. 481, 522 P.2d 989.)

The judgment of the lower court is affirmed.